In the Matter of S. BERNARD Ross, Appellant, against FIORELLO H. LAGUARDIA et al., Constituting the Board of Estimate of the City of New York, Respondents.

In the Matter of SAMUEL A. LEWIN et al., Appellants, against FIORELLO H. LAGUARDIA et al., Constituting the Board of Estimate of the City of New York, Respondents.

Argued October 7, 1941; decided November 27, 1941.

*Alfred L. Becker, Harry G. Goldman* and *Irving I. Schachtel* for S. Bernard Ross, appellant. The action complained of was so subversive of the merit system as to violate not only the statutes and rules but the constitutional provision itself by setting at naught the whole system of tenure, grades and promotions. (*Matter of Sloat* v. *Board of Examiners*, 274 N. Y. 367; *Hale* v. *Worstell*, 185 N. Y. 247; *Matter of Wittekind* v. *Kern*, 170 Misc. Rep. 939; 281 N. Y. 701; *Chittenden* v. *Wurster*, 152 N. Y. 345; *Matter of Beggs* v. *Kern*, 284 N. Y. 504; *Wood* v. *City of New York*, 274

N. Y. 155; *Matter of Fornara* v. *Schroeder*, 261 N. Y. 363; *Matter of Sugden* v. *Partridge*, 174 N. Y. 87; *Matter of Mendelson* v. *Finegan*, 168 Misc. Rep. 102; 278 N. Y. 568; *Matter of Finegan* v. *Cohen*, 275 N. Y. 432; *Dixon* v. *LaGuardia*, 166 Misc. Rep. 889; 253 App. Div. 881; 277 N. Y. 84; *Matter of Rushford* v. *LaGuardia*, 280 N. Y. 217; *Waters* v. *City of New York*, 43 Misc. Rep. 154; *Matter of Friend* v. *Valentine*, 261 App. Div. 163.) By reclassifying and regrading positions the Board of Estimate has usurped the powers of the civil service commissions. The Board has infringed upon the legislative branch, since it represents the executive branch of the city government. (*Browne* v. *City of New York*, 241 N. Y. 96; *Schieffelin* v. *Mills*, 241 N. Y. 96; *Donnelly* v. *Roosevelt*, 144 Misc. Rep. 687; *Matter of Davies*, 168 N. Y. 89; *Kilbourn* v. *Thompson*, 103 U. S. 168; *Panama Refining Co.* v. *Ryan*, 293 U. S. 388; *Schechter Poultry Corp.* v. *United States*, 295 U. S. 495; *United States* v. *Butler*, 297 U. S. 1; *Rathbun* v. *United States*, 295 U. S. 602; *People ex rel. McClelland* v. *Roberts*, 148 N. Y. 360.)

*Moss K. Schenck* and *Herman E. Cooper* for Samuel A. Lewin et al., appellants. The positions of petitioners were abolished by the Board of Estimate, acting in an administrative, not legislative, capacity, and exercising a reviewable, not a plenary, power. (*Matter of Collins* v. *City of Schenectady*, 256 App. Div. 389; *Matter of Wexler* v. *Dayton*, 255 App. Div. 567; *Lewin* v. *City of New York*, 256 App. Div. 1063; *Schenbaum* v. *City of New York*, 256 App. Div. 1063; *Matter of Dennehy* v. *Kern.* 279 N. Y. 645; *Matter of McAneny* v. *Board of Estimate*, 232 N. Y. 377; *Matter of College of the City of New York* v. *Hylan*, 205 App. Div. 372; *Matter of Rushford* v. *LaGuardia*, 280 N. Y. 217; *Matter of Danker* v. *Board of Health*, 266 N. Y. 365; *Matter of Wingate* v. *McGoldrick*, 279 N. Y. 246.) Respondents' action in abolishing petitioners' positions was performed in bad faith for the purpose of illegally evading and circumventing the requirements of the Civil Service Law (Cons. Laws, ch. 7), New York City Charter (in effect January 1, 1938), and the Administrative Code (L. 1937, ch. 929).

(*Lewin* v. *City of New York*, 256 App. Div. 1063; *Schenbaum*
v. *City of New York*, 256 App. Div. 1063; *Matter of Schmidt*
v. *Board of Supervisors*, 244 App. Div. 493; *Matter of
Conway* v. *Carey*, 255 App. Div. 374; *People ex rel. Davison*
v. *Williams*, 213 N. Y. 130; *Matter of Meenagh* v. *Dewey*,
170 Misc. Rep. 192; *Matter of Danker* v. *Department of
Health*, 266 N. Y. 365; *Matter of McAneny* v. *Board of
Estimate*, 232 N. Y. 377; *Matter of College of City of New
York* v. *Hylan*, 205 App. Div. 372.)

*William C. Chanler, Corporation Counsel (Robert H.
Schaffer, Paxton Blair* and *M. Camper O' Neal* of counsel),
for respondents. The Board of Estimate acted within the
powers conferred upon it by the charter in making the
appropriation and its action is not subject to judicial review.
(*East St. Louis* v. *Zebley*, 110 U. S. 321; *Matter of Wingate*
v. *McGoldrick*, 279 N. Y. 246; *Matter of Hetherington* v.
*McGoldrick*, 279 N. Y. 687; *Matter of Rosenthal* v. *McGoldrick*,
279 N. Y. 688; 280 N. Y. 11; *Matter of McCarthy* v.
*LaGuardia*, 172 Misc. Rep. 260; 259 App. Div. 710; 283
N. Y. 701; *Matter of City of New York* [*Ely Ave.*], 217 N. Y.
45; *Kittinger* v. *Buffalo Traction Co.*, 160 N. Y. 377.)
The municipal budgetary agencies, not the Civil Service
Commission, are entrusted by law with the duty of deter-
mining the amount of the appropriation to be made for a
position in the city service. The salary grades established
in the rules of the Municipal Civil Service Commission are
not binding upon the Board of Estimate in the determina-
tion of the compensation to be appropriated for a civil
service position. (*Walters* v. *City of New York*, 119 App.
Div. 464; 190 N. Y. 375; *Matter of Ryan* v. *Kaplan*, 213
App. Div. 131; 240 N. Y. 690; *People ex rel. Stokes* v. *Tully*,
108 App. Div. 345; *Powell* v. *City of New York*, 65 App.
Div. 421.)

*Per Curiam.* These are two proceedings brought by phy-
sicians employed by the Department of Health of the City
of New York to compel the Board of Estimate of the city
to repeal certain provisions of the expense budget adopted

for the budgetary year 1940–1941 and to restore petitioners to the rights they enjoyed prior to July 1, 1940.

Petitioners were appointed after having passed competitive civil service examinations, and, prior to July 1, 1940, they were paid on the basis of an annual salary, although the work is only part time. Other physicians employed by the Department of Health prior to July 1, 1940, were compensated on a per session basis. In the expense budget adopted for the fiscal year commencing July 1, 1940, the Board of Estimate failed to make any appropriations for annual salaries, but provided a total of $648,270 for 235 positions entitled " Medical Inspector (Part-time)," three positions " Industrial Medical Inspector (Part-time)," etc. The appropriation, introduced by the heading " wages Temporary Employees," provides for salaries " at $5 per session (129,654 sessions)."

The power of the Board of Estimate with respect to the appropriation of the money of the city on the one hand, and the rights of civil service employees of the city on the other hand, must be considered in the light of the functions assigned to the several bodies which together govern civil service employees of the city. A distinction must be recognized between the rights and duties pertaining to a given position and the rights and duties of the incumbent of that position. The power to create and to abolish *positions* is vested in the Board of Estimate (New York City Charter, § 68; effective January 1, 1938), which, in the absence of mandatory salary legislation, may also fix the compensation payable to the holder of a position, whoever he may be (New York City Charter, § 67). When once the position is established and an appropriation has been made by the Board of Estimate, the appointing officer or body, *e. g.*, head of a city department, may select the *persons* who are to fill the various positions and receive the salaries attached thereto from among those declared by the Municipal Civil Service Commission to be eligible to discharge the duties of the office and to be entitled to the compensation paid therefor. (New York City Charter, § 884. Cf. *Matter of Beggs* v. *Kern*, 284 N. Y. 504.)

It is for the Municipal Civil Service Commission, in accordance with law and duly promulgated civil service rules, to determine which persons are eligible for appointment to a position of a given rank and grade. Thus the rights of a civil service employee to a given position are dependent upon the existence of the position and an appropriation of salary therefor. When the position and the salary are authorized by the Board of Estimate, the given individual then enjoys certain rights of priority to the position and the salary as against other contenders, and he is entitled not to be ignored in favor of one of lower civil service standing.

From the foregoing it must follow that if the Board of Estimate so chooses, in the absence of special legislation, it is for the Board to determine whether or not to dispense with a given service or whether or not and on what basis to maintain a given appropriation. Neither determination on the part of the Board of Estimate impairs any right of a person enjoying civil service status. Petitioners point to no provision of law which forbids the Board of Estimate to make appropriations on a per session basis rather than per annum. It is said, however, that the appropriation in question permits the heads of departments so to distribute assignments of sessions to the various physicians employed by the Department of Health that those of superior civil service grade may in effect be demoted to a grade below that enjoyed by those of lower civil service standing. That question and such other questions as arise therefrom are not now decided for the proceedings at bar are limited to the question of the duty of the Board of Estimate to make appropriations in such amount and such manner as the petitioners now contend for.

It follows, therefore, that in each proceeding the order appealed from should be affirmed, without costs.

LEHMAN, Ch. J., LOUGHRAN, FINCH, RIPPEY, LEWIS, CONWAY and DESMOND, JJ., concur.

Orders affirmed.