In the Matter of Isidore Berger et al., Appellants, against Patrick Walsh, as Commissioner of the Fire Department of the City of New York, et al., Respondents.

First Department, July 2, 1943.

*David A. Savage* of counsel (*John F. O'Shea* with him on the brief), for appellants.

*Seymour B. Quel* of counsel (*Jeremiah M. Evarts* with him on the brief; *Robert H. Schaffer, Acting Corporation Counsel*), for respondents.

Cohn, J. In September, 1942, the names of petitioners, which appeared on the civil service eligible list for fireman, were passed over by defendant, Commissioner of the Fire Department of the City of New York, because circumstances indicated that petitioners were about to be reclassified in Class 1-A under the Federal Selective Training and Service Act of 1940 (U. S. Code, tit. 50, Appendix, §§ 301–318). At that time all the petitioners were classified in Class 3-A of the draft with the exception of one who had not been classified. New regulations, however, had been recently announced by the Selective Service System which indicated a reclassification that might result in placing them in Class 1-A.

The Fire Commissioner, who is required to maintain the maximum complement of trained fire fighting personnel because

of the fire hazards in war time, had been encountering difficulty in filling the existing vacancies in his department. Firemen in New York City are required to undergo a six months' training period and experience has shown that many appointees have been called into military service while they were still in training school. As a result, the Commissioner had been unable to bring the department up to its needed strength. Because of this situation he adopted a policy of appointing married men with children and those who otherwise could show that they would not be reclassified into 1-A under the new Selective Service Regulations.

It is not disputed (1) that petitioners fulfilled all requisite conditions for their appointment, (2) that they held positions on the eligible list higher in standing than others of an equal number who were appointed on September 16, 1942, and (3) that there was then an appropriation of funds sufficient to pay their salaries. Concededly, the only reason the Fire Commissioner assigned for refusing to appoint them after due certification was that the appointing head believed they were about to be classified as 1-A by their respective local draft boards.

The only discretion vested in the Fire Commissioner in the matter of passing over eligibles on a civil service list, other than that granted to him in the rules of the Municipal Civil Service Commission, is found in the provisions of section 246, subdivision 7-a (L. 1942, ch. 795), of the Military Law of the State of New York, which provides in part as follows: " Any appointing officer or body, in his or its discretion, may determine to appoint as members of the uniformed force of a police department, a fire department or a department of correction from any appropriate eligible list only persons who have not been placed in classification one-a under the federal selective service act and who are not in any of the reserve military or naval forces of the United States. In the event such determination is made and written notification thereof is given to the appropriate civil service commission, such appointing officer or body may make appointments pursuant to such determination."

In declining to appoint petitioners, the Fire Commissioner accordingly assumed to exercise a discretion not vested in him by law. We realize that in passing over eligibles who were subject to imminent reclassification and induction into the armed forces, the Commissioner was motivated by what he regarded as sound public interest, and that he had given very careful consideration to all the facts. Yet, the statute gave him no such discretionary power.

The State Constitution (art. V, § 6) requires that appointments in the civil service shall be made according to merit and fitness to be ascertained, so far as practicable, by examinations, which, so far as practicable, shall be competitive. To permit a department head to ignore the Constitution and statutory provisions because of a belief, though honestly entertained, that the best interests of the community require him to do so, cannot be justified in law. In *Matter of Ross* v. *LaGuardia* (287 N. Y. 28) the court said (page 33): "It is for the Municipal Civil Service Commission, in accordance with law and duly promulgated civil service rules, to determine which persons are eligible for appointment to a position of a given rank and grade. Thus the rights of a civil service employee to a given position are dependent upon the existence of the position and an appropriation of salary therefor. When the position and the salary are authorized by the Board of Estimate, the given individual then enjoys certain rights of priority to the position and the salary as against other contenders, and he is entitled not to be ignored in favor of one of lower civil service standing."

It is to be noted that nineteen of the petitioners were appointed to the position of fireman in the month of December, 1942, upon a showing that at that time they still retained a 3-A classification under the Selective Service Act. They are included in this appeal because of the importance to them of the date of their appointment in the matter of seniority rights and promotion rights within the Fire Department.

Petitioners were entitled to appointment as firemen in the Fire Department of the City of New York as a matter of clear legal right as of September 16, 1942, the date others were appointed in their stead. (*Matter of Ackerman* v. *Kern*, 281 N. Y. 87, 98.) The relief sought by them should be granted to the extent of directing the Fire Commissioner to appoint them to the position of fireman in the Fire Department, if he has not already done so. Their seniority and other rights shall in each case be deemed operative from the 16th day of September, 1942.

The order appealed from should be reversed, with twenty dollars costs and disbursements, the motion granted to the extent indicated.

MARTIN, P. J., TOWNLEY, UNTERMYER and DORE, JJ., concur.

Order unanimously reversed, with twenty dollars costs and disbursements, and motion granted to the extent indicated in opinion. Settle order on notice.