In the Matter of ISIDORE BERGER et al., Respondents, against PATRICK WALSH, as Commissioner of the Fire Department of the City of New York, et al., Appellants.

Argued October 5, 1943; decided November 24, 1943.

*Ignatius M. Wilkinson, Corporation Counsel (Seymour B. Quel, Paxton Blair* and *Harry Hollander* of counsel), for appellants. The refusal of the Fire Commissioner to appoint the petitioners was a proper exercise of the discretion conferred upon him by subdivision 7-a of section 246 of the Military Law. (*Matter of McNerncy* v. *City of Geneva,* 290 N. Y. 505.) The denial of the application was within the discretion of Special Term and conformed with the rule that mandamus will not issue to protect a bare legal right when the public interest would be injured. (*Matter of Coombs* v. *Edwards,* 280 N. Y. 361; *Duncan Townsite Co.* v. *Lane,* 245 U. S. 308; *People ex rel. Wood* v. *Board of Assessors,* 137 N. Y. 201; *Matter of Warehousemen's Assn.* v. *Cosgrove,* 241 N. Y. 580; *Matter of Black* v. *O'Brien,* 264 N. Y. 272; *Matter of Wolf* v. *Valentine,* 178 Misc. 308.) The order of the Appellate Division is erroneous in that it directs the outright appointment of the petitioners, thus ignoring the Fire Commissioner's right of selection in making appointments. (Rules of Municipal Civil Service Commission, Rule 5, §§ 7, 8. Civil Service Law, § 6; *Matter of O'Brien* v. *Delaney,* 255 App. Div. 385, 280 N. Y. 697; *People ex rel. Balcom* v. *Mosher,* 163 N. Y. 32; *People ex rel. Plancon* v. *Prendergast,* 219 N. Y. 252; *People ex rel. Kastor* v. *Kerny,* 164 N. Y. 64; *Hodgins* v. *Bingham,* 141 App. Div. 514; *People ex rel. Baldwin* v. *McAdoo,* 110 App. Div. 432, 190 N. Y. 530; *People ex rel. Finnegan* v. *McBride,* 226 N. Y. 252.)

*David A. Savage* and *John F. O'Shea* for respondents. Petitioners, as a matter of clear legal right, were entitled to appointment on September 16, 1942. (*Matter of Ross* v. *La Guardia,* 287 N. Y. 28.) No discretion is vested in the Fire Commissioner to skip over the names of eligibles certified to him on the ground that such eligibles held a 3-A classification under the Federal Selective Service Act (U. S. Code, tit. 50, Appendix, § 301 *et seq.*) and were either unmarried with collateral dependents or married after September 15, 1940. (*Matter of Wipfler* v. *Klebes,* 284 N. Y. 248; Rules of Municipal Civil Service Commission, rule 5, § VIII, subd. 2; *Matter of Williams* v. *Walsh,* 289 N. Y. 1.) Denial of relief to petitioners was an

abuse of discretion by Special Term in that it sustained the illegal and arbitrary acts of the defendants. (*Matter of Pruzan* v. *Valentine*, 282 N. Y. 498; *Matter of Schwab* v. *McElligott*, 282 N. Y. 182; *Matter of Craig* v. *Board of Education of City of N. Y.*, 173 Misc. 969; *People ex rel. Gas-Light Co.* v. *Common Council of Syracuse*, 78 N. Y. 56; *Matter of Oystermen's Dock Co.* v. *Dowing*, 258 N. Y. 156; *People ex rel. Millard* v. *Chapin*, 104 N. Y. 96; *People ex rel. Schau* v. *McWilliams*, 185 N. Y. 92.) Petitioners are entitled to an order directing their appointment as firemen, in the Fire Department of the City of New York, as of the 16th day of September, 1942. (*Maloney* v. *Hearst Hotels Corp.*, 274 N. Y. 106; *Matter of Ross* v. *La Guardia*, 287 N. Y. 28; *Matter of Ackerman* v. *Kern*, 281 N. Y. 87.)

LEWIS, J. The names of the petitioners, forty-eight in number, were certified by the Municipal Civil Service Commission as eligible for appointment as firemen in the city of New York. In making appointments from that list the Commissioner of the Fire Department, acting as he believed in the interest of administrative efficiency, passed over the names of the petitioners upon the ground that, although no one of them was then classified as 1-A under the Selective Training and Service Act of 1940 (U. S. Code, tit. 50, Appendix, § 301 *et seq.*), the existing war emergency had created circumstances which made imminent their reclassification and induction into the nation's armed forces, thus making uncertain their availability for continued future service in the Fire Department.

In this proceeding by the petitioners to compel their appointment as firemen, we are in agreement with the order of the Appellate Division insofar as it gives effect to the ruling by that court that by failing to recognize and act upon the eligibility of the petitioners for appointment as firemen the Commissioner exceeded the discretionary power granted to him by section 246, subdivision 7-a, of the Military Law. (L. 1942, ch. 795.)

We do not agree, however, with that portion of the order of the Appellate Division which directs " * * * that the defendant, Patrick Walsh, as Commissioner of the Fire Department of the City of New York, forthwith appoint each of the petitioners, not already appointed, to the position of Fireman, in

the Fire Department of the City of New York, effective as of the 16th day of September, 1942, and that the seniority and other rights of each of the petitioners shall be deemed operative from that date.''

Such a direction, we think, would in effect deprive the Commissioner of the power of selection which is implicit in the authority granted to him as an appointing officer. (Municipal Civil Service Rules of the City of New York, rule V, §§ 7, 8; *People ex rel. Balcom* v. *Mosher,* 163 N. Y. 32, 40; *People ex rel. Kastor* v. *Kearny,* 164 N. Y. 64, 69; *People ex rel. Plancon* v. *Prendergast,* 219 N. Y. 252, 259.)

In making appointments of firemen from the eligible list certified by the Municipal Civil Service Commission, upon which appeared the names of the petitioners, the discretion granted to the Commissioner by section 246, subdivision 7-a, of the Military Law (L. 1942, ch. 795) authorized him to treat as unavailable for appointment only those who were then classified as 1-A under the Selective Training and Service Act and those who were then in the Reserve Military or Naval Forces of the United States.

The order of the Appellate Division should be modified by striking out the second decretal paragraph thereof, without costs, and by remitting the proceeding to the Special Term for further proceedings not inconsistent with this opinion.

LEHMAN, Ch. J., LOUGHRAN, RIPPEY, CONWAY, DESMOND and THACHER, JJ., concur.

Ordered accordingly.