Shientag, J.
(dissenting): Petitioner is the widow of a deceased fireman, F. J. Molinari. Molinari was on an eligible list and was certified for appointment, on February 1,1943. At that time the fire commissioner refused to appoint either Molinari or others similarly situated as to selective service status and purported to act under subdivision 7 of section 246 of the Military Law. The ruling was contested and the Court of Appeals in November, 1943, held that the fire commissioner had exceeded his authority (Matter of Berger v. Walsh, 291 N. Y. 220). It should be noted in connection with these contested appointments that subdivision 6 of section 246 of the Military Law provides that, in the event of an appointment while on military duty, such appointee “ upon the termination of his military duty shall have the same rights, privileges and obligations as if he had served continuously in such position from the date of his appointment thereto.”
After the above decision, the fire commissioner, on June 19, 1944, made the following special order:
“ IV In accordance with Certificate No. S-2394, dated May 15, 1944 issued by the Director of the Budget, the following named, who are now performing military service, are hereby appointed as Firemen in this Department, Bureau of Fire, as of the dates shown below with assignment to the Military Service Division, subject to a medical examination by the Fire Department Medical Board *814 without compensation until such time as they are discharged from military service and begin the performance of their duties in the Fire Department:
Date of Appointment
Fbancis J. Moliitari 12:01 a.m. Feb. 1, 1943 ”
In the meantime, in June, 1943, Molinari had been drafted and entered the armed forces of the United States. He was killed in action, as the result of a flying mission in the South Pacific; the presumptive date of death being recorded officially as of January 13, 1946. His widow thereafter brought this proceeding for an order directing the payment to her, as the widow of a deceased fireman, of the $2,000 provided for under section B19-8.0 of the Administrative Code of the City of New York, less the amount of contributions remaining due and unpaid. The respondents have refused to recognize the demand alleging that the above-quoted order of appointment was a conditional appointment only, and that the condition of taking and passing a medical examination prior to his decease was not satisfied.
There is no authority drawn to our attention justifying the so-called conditional appointment, and, as the order reads, the appointment is in fact absolute, as was required by the decision of the Court of Appeals in Berger v. Walsh (supra) above referred to. The commissioner did have the power, naturally, to provide for an examination in the future (Rules and Regulations for Uniformed Force of New York City Fire Department, § 125). But even if the returned soldier had received service injuries, these would not have prevented him from working in the fire department, unless the disability was such as to prevent him from performing efficiently the duties of the position (Military Law, § 246, subds. 6, 10).
Section 125, on which the fire commissioner rests, is not necessarily a condition precedent to a legal appointment under all circumstances. What we have in section 125 is simply a provision for a preliminary examination. The circumstances of this appointment prevented the examination prior to the appointment and the examination was deferred. The appointment is nonetheless a definitive appointment, carrying all statutory rights, though these rights may be subject to being divested ultimately on the failure of the examination, when, as and if it is possible to take it.
The situation in this case is quite similar to that which is found in other instances in the law under the term “ conditions subsequent.” For instance, a condition subsequent in real estate may divest an estate already vested; but if the condition subsequent is void or impossible, the estate having vested remains undisturbed (Rooks Creek Evangelical Lutheran Church v. First Lutheran Church, 290 Ill. 133; 3 Williston on Contracts, § 667). Just as in the law of estates impossibility of performance of a condition subsequent does not divest one of the estate, so the impossibility of performing a condition to a contract in general, if it is a true condition subsequent, should have the same effect (see Restatement, Contracts, § 396), and, according to Williston on Contracts (Yol. 3, § 809, n. 2), this result should also follow where it becomes inevitable that a condition subsequent will occur before a duty of immediate performance arises.
Here it is clear that the appointment was immediate and subject to passing a medical examination sometime in the future. The only way in which a reasonable interpretation can be given to the rule and to the obligatory appointment made is to interpret the “ subject clause ” as a condition which ultimately must be satisfied, if possible. But intervening impossibility of performance of the condition, owing to the unfortunate death of the soldier in action, amounts to an excusable failure and should have the effect of not divesting the interest gained by the appointment.
*815 The soldier, in fact, passed adequate physical examinations in entering the army, and also took an appropriate oath of loyalty.
Since, therefore, the petitioner’s husband died while a member in good standing of the fire department, the order appealed from should be reversed, with costs, and the death benefit, with the proper deductions, should be paid to the petitioner.
Dore, J. P., Cohn and Callahan, J J., concur in decision; Shientag, J., dissents in opinion in which Van Voorhis, J., concurs.
Order affirmed, with $20 costs and disbursements to the respondents. No opinion.