In the Matter of JERVEY C. HAMILTON, Respondent, against GEORGE P. MONAGHAN, as Police Commissioner of the City of New York, Appellant.

First Department, April 26, 1955.

*Victor J. Herwitz* of counsel (*Seymour B. Quel* with him on the brief; *Peter Campbell Brown, Corporation Counsel,* attorney), for appellant.

*Bruce McM. Wright* of counsel (*Thomas G. Weaver* with him on the brief; *Weaver, Waters, Evans & Wright,* attorneys), for respondent.

*Per Curiam.* This is an appeal by the police commissioner of the City of New York, from an order which directed him to accept respondent's certification by the municipal civil service commission as a probationary patrolman and to appoint him to that position.

Respondent in 1951 passed the competitive examination for patrolman and, after qualifying physically, was certified to the eligible list. Thereafter his name was removed from the list by the commission because he had prior thereto signed a nominating petition for a candidate of the Communist party. Respondent contended, however, that he had been duped into signing that petition.

In an article 78 proceeding the action of the commission in disqualifying respondent was held to be arbitrary and capricious, and thereafter in accordance with the court's ruling, he was certified to the police department for appointment. (*Matter of Hamilton* v. *Brennan,* 203 Misc. 536.) He has been refused appointment, although at a conference in the office of a deputy commissioner he denied any communistic affiliation and asserted his complete loyalty. The present proceeding was instituted at Special Term where it was held that in the circumstances it was the duty of the police commissioner to appoint.

It is urged by the corporation counsel that the police commissioner's power of appointment is absolute and may not be interfered with under any circumstances. We have held that while the appointing officer has the broadest discretion in the exercise of his powers it is not unlimited (*Matter of Maynard* v. *Monaghan,* 284 App. Div. 280, 283). In that case where a trial was directed by this court on the issue of fact as to the arbitrary and capricious nature of the commissioner's act, we said: " This does not mean, however, that mere suspicion of possible subversive tendencies will justify rejection of an appointee. Neither does it mean that the police commissioner must be able to produce proof sufficient to convict the appointee of subversion or show his guilt of other misconduct beyond a reasonable doubt. It merely requires that the appointing officer exercise his discretion in good faith upon evidence that would satisfy a reasonably prudent police commissioner that the applicant's record is unsatisfactory."

It is not clear on the record before us in what manner the commissioner exercised his discretion which led him to the conclusion that the respondent should not be appointed as a patrolman. The commissioner's answer does allege, however, that, " The respondent believes that his oath of office and his

responsibility to the people of the City of New York and to the Police Department preclude him from making this appointment.''

If from this it may be inferred that the respondent was not to be appointed because of the earlier, but rejected suspicion of possible subversive tendencies on his part then the action of the commissioner could be considered arbitrary in view of our holding in *Matter of Maynard* v. *Monaghan* (*supra*). While that case involved the termination of a probationary patrolman's services resulting in failure to appoint him to permanent status, in contrast to this case which deals with the refusal to appoint, nevertheless the principles involved are the same. While it may be that we are not empowered to direct the police commissioner to make an appointment (*Matter of Berger* v. *Walsh*, 266 App. Div. 592, mod. 291 N. Y. 220), nevertheless we feel that as in the *Maynard* case a hearing should be had to resolve the question as to whether, in fact, in refusing to appoint the respondent the commissioner acted in the exercise of his discretion — broad as it may be — or acted in a manner which was arbitrary or capricious. In the latter event, the matter could then be remitted once again to the commissioner for him to reconsider his prior action. While he would not be obligated to appoint petitioner, we may assume that his reconsideration will be free from the use of improper elements.

Under the circumstances the order appealed from should be modified so as to grant petitioner's motion to the extent of directing a trial to determine whether or not the commissioner acted in the proper exercise of his discretion or capriciously and arbitrarily. Settle order.

PECK, P. J., COHN, BREITEL, BASTOW and RABIN, JJ., concur.

Order unanimously modified in accordance with the opinion herein and, as so modified, affirmed, with $20 costs and disbursements to the appellant. Settle order on notice.