Steuer, J.
Special Term upon an application pursuant to article 78 of the Civil Practice Act directed a trial of the issues. Petitioner passed the examinations for patrolman in the police department and the civil service commission marked him qualified on the eligible list for appointment. Respondent police commissioner has not appointed petitioner and has in fact passed over his name.
Aside from these facts virtually nothing was established by the evidence. Respondent advanced the argument, now familiar from recent iteration, that he is not required to appoint an applicant even though marked qualified by the civil service commission. (Matter of Maynard v. Monaghan, 284 App. Div. 280.) However respondent does not, in the instant case, rely on the contention that a failure to appoint can in no instance be deemed arbitrary because of the statutory sanction. Respondent’s position is that the pleadings reveal that his action was neither arbitrary nor capricious. The relevant portions of the pleadings in that respect show that petitioner has a long history (considering his age) of difficulties with the law. These begin at the age of twelve with an application by his parents to have him adjudicated a delinquent, involve three arrests as a child with one adjudication of delinquency, two incidents while serving in the Navy, one resulting in punishment by a deck court-martial, and two arrests as an adult. As to all of these petitioner sought to *188 offer proof that in fact this series of occurrences could all be . explained and showed no lack of. fitness on his part. For reasons that will shortly appear this proof was not taken. Respondent took the position that he did not admit the interpretations of these events advanced by petitioner nor was he required to contest them.
Responsibility for the conduct of police officers rests with respondent. If he determines that it would not be compatible with that responsibility to take the risk of clothing the petitioner, or one with a like record, with the authority of a peace officer, can it be fairly said that no reasonable man would agree with that decision ? Further it must be admitted that such a decision would not be without a basis, and that the basis is reasonable rather than capricious.
Another factor requires consideration. Does consideration of petitioner’s record alone without inquiry into the details of the incidents justify the respondent? Assuming, without deciding, that the commissioner’s failure to appoint is reviewable, it would appear that in certain instances such reliance might be capricious or arbitrary. But it would not be where the incidents were sufficient in number and kind to warrant the belief that a pattern was discernible and that satisfactory explanation could not be forthcoming. Whether such is the case is not for the court to say, but only that the commissioner’s determination that it is, is a tenable one.
Petitioner urges that respondent is bound by the certification of the civil service commission to the effect that he is qualified. The authority cited for that contention (Matter of Wolff v. Hodson, 285 N. Y. 197) has unfortunately been misread. The case asserts, without possibility of contradiction, that the civil service commission’s certification of qualification is binding on the appointing officer to the extent that the applicant has met the statutory requirements for the position sought. It does not hold that upon receipt of such notice that the appointing officer has no alternative but to appoint and that consequently his position is, to that extent, merely ministerial. No doubt the Legislature could, if it chose, make it so. But there is express determination that the existing provisions do not so provide and that the appointing power is entitled to use discretion in the appointment of persons duly certified to him. (Matter of Berger v. Walsh, 291 N. Y. 220.)
Judgment is for respondent.