■ JACQUELINE LESTER, Respondent, v. EMANUEL LESTER, Appellant.— Appeal unanimously dismissed, with $20 costs and disbursements to the respondent. No opinion. Concur — Peck, P. J., Breitel, Rabin, Frank and Bergan, JJ.

■ IRVING KLEIN, Plaintiff, v. BARGRAY CONSTRUCTION CORP., Defendant and Third-Party Plaintiff-Appellant. ZAGARA CONSTRUCTION CO. INC., Third-Party Defendant-Respondent.— It is difficult to ascertain from the meager facts pleaded whether in this case the third-party plaintiff was required to maintain a sidewalk shed. Therefore, we need not determine whether the failure to provide such a shed constitutes active or passive negligence. In any event, the complaint is broad enough to admit of recovery by plaintiff upon acts of negligence separate and apart from the alleged failure to comply with the Administrative Code provisions for the maintenance of a sidewalk shed. There is a possibility that the proof upon the trial will establish that the third-party plaintiff was a passive tort-feasor entitled to recovery over from the third-party defendant as an active tort-feasor. Determination of the Appellate Term and the judgment and order of the City Court unanimously reversed, with costs to the appellant in this court and in the Appellate Term, and the motion to dismiss the third-party complaint denied, with $10 costs. Concur — Peck, P. J., Breitel, Botein, Rabin and Bergan, JJ.

■ In the Matter of DANIEL G. D'EMIDIO, Respondent, against FRANCIS W. H. ADAMS, as Police Commissioner of the City of New York, et al., Appellants.— The police commissioner has the direct responsibility of passing on the satisfactory nature of the probationary civil service record before he makes a permanent appointment of a patrolman in the police department. If the commissioner acts on mere suspicion, or not in good faith, a triable issue may be presented to determine whether the decision was arbitrary (Matter of Maynard v. Monaghan, 284 App. Div. 280, 283; Matter of Hamilton v. Monaghan, 285 App. Div. 692). But here a full adversary examination into the departmental charges against petitioner was conducted, witnesses were examined with full opportunity allowed to petitioner's counsel to cross-examine. If the evidence against the petitioner be accepted as true, the commissioner was justified in terminating his probationary employment. The weight of the evidence would not be reviewable at Special Term; the question would be whether there was substantial evidence to support the determination. The court could not determine on this kind of a review that the evidence ought not to have been believed. An examination of the record shows clearly that there was substantial evidence before the commissioner which, if credited, would justify termination of probationary employment. Order unanimously reversed, with $20 costs and disbursements to the appellants, and the petition dismissed. Concur — Breitel, J. P., Botein, Rabin, Cox and Bergan, JJ. [See post, p. 887.]