Conway, Ch. J.
(dissenting). The Police Commissioner of the City of New York has declined to appoint petitioner as a patrolman in the New York City Police Department for the reason that “his oath of office and his responsibility to the people of the City of New York and to the Police Department preclude him from making this appointment.”
The petitioner seeks a final order directing the Police Commissioner to appoint him to the New York City Police Department, upon the ground that the commissioner’s power to make appointments is not unlimited and, when revealed as arbitrary, must be annulled.
The Police Commissioner, on the other hand, seeks a final order dismissing the petition, upon the ground that he had the absolute right to refuse to appoint petitioner since section 8 of article IX of the New York State Constitution grants to municipal appointing officials complete discretion in making-appointments.
Special Term entered an order directing the Police Commissioner to appoint petitioner. The Appellate Division, while recognizing that ‘ ‘ it may be that we are not empowered to direct the police commissioner to make an appointment (Matter of Berger v. Walsh, 266 App. Div. 592, mod. 291 N. Y. 220 ”, went on to order a trial to determine whether or not the commissioner acted in the proper exercise of his discretion or capriciously or arbitrarily. The opinion of that court indicates that, if he be found to have acted in an arbitrary manner, the matter could then be remitted to the commissioner to reconsider his prior action. Thus, the Appellate Division, while acknowledging that the courts may not direct the commissioner to appoint a particular individual as police officer, has, in effect, *880 taken the position that the courts may suggest that he appoint a particular individual, by holding that he has acted arbitrarily and by remitting the matter to him for reconsideration. We think it clear, however, that, if the judiciary may not direct the Police Commissioner to appoint a particular individual, it may not properly suggest that he appoint such individual. It is not the function of the courts to advise anyone, and certainly not the members of a co-ordinate branch of the government — here the executive — and we transcend our power when we undertake to do so. If the courts are without authority to either direct or suggest that the commissioner appoint petitioner, the act of the Appellate Division in ordering a hearing is a vain one and a reversal of that order is called for. Accordingly, the pivotal question in this case is that of whether the Police Commissioner has absolute discretion to refuse appointment of one on the eligible list for any reason.
Section 6 of article V of the Constitution of our State provides, in part, “ Appointments and promotions in the civil service of the state and all of the civil divisions thereof, including cities and villages, shall be made according to merit and fitness to be ascertained, as far as practicable, by examination which, as far as practicable shall be competitive; * * That section must be construed with the provisions of section 8 of article IX providing that ‘ ‘ All city, town and village officers, whose election or appointment is not provided for by this constitution shall be elected by the electors of such cities, towns and villages, or of some division thereof, or appointed by such authorities thereof, as the legislature shall designate for that purpose. * * * ” The Legislature has designated the Police Commissioner of the City of New York as the one to appoint New York City police officers (see New York City Charter, ch. 18, § 434; ch. 40, § 884). In People ex rel. Balcom v. Mosher (163 N. Y. 32), this court, in considering the predecessor sections to section 6 of article V and section 8 of article IX held that, while, under our Constitution, the appointee must come from a list of those who possess the qualifications laid down by the civil service statutes and rules, the appointing officer — here the Police Commissioner — alone determines which of the persons so qualified is to be appointed. We there said at page 40: “ The decisions of this and other courts, State and Federal, as to the meaning of the word ‘ appointment, ’ and what con *881 stitutes an appointment under the law, are to the effect that the choice of a person to fill an office constitutes the essence of the appointment; that the selection must be the discretionary act of the officer or board clothed with the power of appointment; that while he or it may listen to the recommendation or advice of others, yet the selection must finally be his or its act, which has never been regarded or held to be ministerial [cases cited]. Thus it is scon that the authorities upon the subject and the opinions of those who have been connected with the civil service reform from its inception all agree in the conclusion that the power of selection for a public office is and should be vested alone in the officers or boards authorized to appoint, although it be limited to persons possessing the qualifications required by the civil service statutes and rules, and that at least some power of selection is necessary to constitute an appointment, which should be exercised by the local authorities, independently of the civil service commission.” And, in Matter of Berger v. Walsh (291 N. Y. 220, 222-223), our court, while concluding that, in refusing to appoint petitioners as firemen, the Fire Commissioner of the City of New York had ‘ ‘ exceeded the discretionary poAver granted to him ’ ’ — which means, of course, that we Avere of the opinion that he had acted arbitrarily — went on to hold that we could not direct the Fire Commissioner to appoint the petitioners since “ Such a direction * * * Avould in effect deprive the Commissioner of the power of selection which is implicit in the authority granted to him as an appointing officer. (Municipal Civil Service Rules of the City of New York, rule V, §§ 7, 8; People ex rel. Balcom v. Mosher, 163 N. Y. 32, 40; People ex rel. Kastor v. Kearny, 164 N. Y. 64, 69; People ex rel. Plancon v. Prendergast, 219 N. Y. 252, 259.)”
It is well-settled Iuav that the “ action of the state executive department in exercising executive functions laAvfully intrusted to that department by constitutional provision or legislative action cannot be passed on by the judiciary department ” (16 C. J. S., Constitutional Law, § 145, p. 700). To hold a hearing for the purpose of compelling the Police Commissioner to prove that his action was not arbitrary or capricious is to do violence to that principle. If the Police Commissioner has acted in a manner that is arbitrary or capricious, the question presented is a political and not a legal one for the courts. That being so, *882 no triable issues of fact are here presented and, as a matter of law, the Appellate Division had no discretionary power to order a hearing. It follows that a final order dismissing the petition should be entered.
The order of the Appellate Division and that of the Special Term should be reversed, without costs, and the matter remitted to Special Term for further proceedings in accordance with this opinion. The questions certified are answered in the negative.
Order affirmed, etc.