In the Matter of STANLEY KAMINSKY, Petitioner, against STEPHEN P. KENNEDY, as Police Commissioner of the Police Department of the City of New York, et al., Respondents.

First Department, February 16, 1960.

*Victor J. Herwitz* of counsel (*Benjamin R. Kaplan* with him on the brief; *Victor J. Herwitz,* attorney), for petitioner.

*Henry J. Shields* of counsel (*Seymour B. Quel* with him on the brief; *Charles H. Tenney, Corporation Counsel,* attorney), for respondents.

*Per Curiam.* In this article 78 proceeding, petitioner seeks to annul the determination of the respondents discharging him from the New York City Police Department upon a finding of guilty to charges set forth in the following specifications:

"2. Said Patrolman Kaminsky did fail to give a 'full, true and correct' answer to Question Number 5 on the above Communist Activities Form, as required in verification to Police Academy 15 Form, in that, in answer to the question: 'Have you ever signed a Communist Petition?', he failed to state that he had signed a petition to free Earl Browder, published in the Daily Worker, dated May 2, 1941.

"3. Said Patrolman Kaminsky did obtain appointment to the position of Probationary Patrolman, Police Department, City of New York, by fraudulent means in that in completing Personal History Form required by the City Civil Service Commission, dated January 20, 1951, in answer to question number 33, part 3, he stated that he had never been a member of a society or group of persons which taught or advocated the doctrine that the government of United States or of any states or of any political subdivision thereof should be overthrown by force, violence or unlawful means, when in fact he had been a member of the Young Communist League.

"4. Said Patrolman Kaminsky did obtain appointment to the permanent position of Patrolman, Police Department, City of New York, by fraudulent means in that in filling out Communist Activities Form dated May 26, 1951,* made in conjunction with application for appointment, he failed to make a full and complete disclosure of past activities by not stating under 'Remarks':

"a. That he had been a member of the Young Communist League.

"b. That he had attended numerous affairs and meetings sponsored by the Young Communist League.

"c. That he had been a member of the American Peace Mobilization.

"d. That he had been a regular purchaser and reader of the Communist organ known as the Daily Worker.

"e. That he had been a regular participant in the annual May Day Parade over a period of years."

Specification 1 was dismissed by the trial commissioner. Specifications 3 and 4 were added near the close of the proof.

Petitioner asserts that the evidence was insufficient to support the findings of the trial commissioner on specifications 2, 3 and 4. The proof at the trial in large measure consisted of the transcript of three interrogations of the petitioner during 1956, and, in addition, testimony of two undercover agents of the Bureau of Special Services of the Police Department who had infiltrated the Communist Party, the Young Communist League and the American Peace Mobilization. In addition, various reports of the Committee on un-American Activities of the House of Representatives and a copy of the Daily Worker were received in evidence.

Petitioner contends there is no evidence to sustain the finding of the Police Commissioner that the petitioner signed the so-

---

* Respondents' Exhibit 1 indicates the Form is dated September 26, 1951.

called Earl Browder petition in 1941. We pass that question because we have reached the conclusion that the question: "Have you ever signed a Communist Petition?" did not fairly apprise the petitioner he was required to disclose that he signed the petition urging the release of Earl Browder and hence the proof does not sustain the finding as to specification 2. On this record, there is no objective standard by which can be determined whether or not said petition was a "Communist Petition".

The record does not establish, as charged in specification 3, that in or prior to 1951 petitioner was or had been a member of a group which taught or advocated the doctrine that the Government of the United States be overthrown by force, violence or unlawful means. (Cf. *Matter of Maynard* v. *Monaghan,* 284 App. Div. 280; *Matter of Hamilton* v. *Monaghan,* 285 App. Div. 692, affd. 1 N Y 2d 877.)

With respect to specification 4, the Communist Activities Form did not fairly apprise the petitioner of his obligation to disclose such diverse activities as are set forth in subdivisions "a." through "e" thereof. It was within the competence of the respondents to require such information of the petitioner. In the circumstances of this case, however, the failure to volunteer such activities under a general, vague, invitation for "Remarks" does not afford a basis for a finding of fraud.

Consequently, we hold, in the circumstances, that the action of the Police Commissioner was arbitrary, capricious and unreasonable and the determination should be annulled, with costs to petitioner.

Rabin, J. P., M. M. Frank, Valente, McNally and Stevens, JJ., concur.

Determination unanimously annulled, with costs to petitioner. Settle order.