William C. Hecht, Jr., J.
Petitioner moves for an order annulling respondent’s determination to the end that petitioner may be appointed as a probationary patrolman. Petitioner alleges that he was' married on February 25,1962, was graduated with honors as the president and the valedictorian of his graduating high-school class in 1958, was employed until August, 1959, when he was called into military service in which he held, as he states, a security position as “ Cryptogpher ” [sic], was discharged honorably in 1961, and again commenced employment. Since February, 1962, he has been employed by Eastern Airlines and was by reason thereof subjected to security checks by the Federal Bureau of Investigation and by private concerns before he obtained the Eastern Airlines employment as a bonded employee. The Department of Personnel conducted an investigation of petitioner’s schooling, previous and present employment, court records, veterans’ and marital status, and physical and mental condition and the Personnel Director marked him “ Not qualified ”. Following a hearing before the Civil Service Commission, the petitioner was marked qualified for the position of patrolman. He was three times certified to the respondent for employment and was three times ‘1 passed over ’ ’, the eligible list now being exhausted. To a request for explanation there was no reply. Finally, it is alleged that petitioner surmises the action was predicated upon the fact that during his youth he had received a traffic summons.
Respondent states that: “ The answer raises no issue of fact, admitting the material allegations of the petition with respect to the status of petitioner on the eligible list and concedes that he was passed over after having been considered three times for appointment.” He then urges: “ It will be noted that the petitioner does not allege any facts in support of the bare and conclusory allegation in the petition that the action of the respondent was arbitrary and capricious. Petitioner’s claim is apparently based solely upon the fact that he was passed over and that those below him on the eligible list were appointed.” These positions are not identical. They are based on a false premise which leads to the error of the second stated position.
The power of appointment is not untrammelled, unlimited or of absolute and unreviewable discretion. It cannot be based on total absence of any and all considerations, thus leading to refusal of appointment and “ pass-over ” in a vacuum or upon considerations totally alien to the matter under assessment. This much is to be discerned from those cases on which respondent relies. Thus, for example, in Matter of Delicati v. Schechter ( AD 2d 19, 24-25) the court stated: “ On the foregoing analysis,
*988 to require an appointing officer to justify Ms refusal to appoint, without evidence of illegality or arbitrariness, would, in violation of Constitution and statute, convert the privilege of an eligible to be considered for appointment into a presumptive right to be appointed, and the exercise of nonreviewable executive discretion into a reviewable quasi-judicial determination. That may not be.” The question therefore is the time when, if at all, explanation is in order. If found to be in order, the failure to explain may well lead to a conclusion of arbitrary action. Again in Matter of Zayas v. Murphy (N. Y. L. J, June 12,1961, p. 16, col. 1) the court stated: “ The petition itself alleges the possible grounds upon which the commissioner exercised his discretionary power. The answer remains silent on the reason for the rejection, and it is quite clear that the appointing official need give no reason for the rejection of the candidate. There is nothing in the record to show that the commissioner used an irrational basis or refused to consider the eligible for appointment, and as such there is no warrant for judicial action”. Here the petition itself alleges no such grounds and the incidental reference to plaintiff’s surmise of the involvement with a traffic summons at an early age may not be regarded as a disclosure by the petitioner of the considerations which lead to the determination under review. The answer remains silent and respondent continues silent, resting solely on the rule prohibiting appointment after three certifications and refusals.
However, petitioner sets out in considerable detail his marital, schooling, employment, military and security status and achievement. It can be said to be of a fairly high order. The query naturally suggests itself, why an exemplary record invites refusal of appointment, and refusal to explain. The logical answer seems to be that, in the light of this record, the failure to appoint either rests on “ irrational basis ” (Matter of Zayas v. Murphy, supra) or the respondent “ refused to consider the eligible for appointment ” (Matter of Zayas v. Murphy, supra). In these circumstances, the respondent does not enjoy the luxury of silence. The allegations of the petition describing petitioner’s history cannot be so cavalierly disregarded.
As a consequence, the court reaches the conclusion that the motion must be and is granted to the extent of remanding the matter to the respondent for further consideration as outlined in Matter of Hamilton v. Monaghan (285 App. Div. 692, affd. 1 N Y 2d 877) to the end that such reconsideration will not be limited to the unduly restricted bounds of the respondent’s present posture.