In the Matter of CITY OF SCHENECTADY et al., Petitioners, v. STATE DIVISION OF HUMAN RIGHTS, Respondent, and SCHENECTADY PATROLMEN'S BENEVOLENT ASSOCIATION, Intervenor-Respondent.

In the Matter of STATE DIVISION OF HUMAN RIGHTS, Appellant, v. CITY OF SCHENECTADY et al., Respondents, and SCHENECTADY PATROLMEN'S BENEVOLENT ASSOCIATION et al., Intervenors-Respondents.

Third Department, October 31, 1974.

*Rosario Negri, Corporation Counsel (Thomas B. Hayner* of counsel), for petitioners.

*Henry Spitz (Ann Thatcher Anderson* of counsel), for State Division of Human Rights.

*Grasso & Grasso (Harvey B. Diamond* of counsel), for intervenor-respondent.

KANE, J. Eva S. Hawkins filed a complaint with the State Division of Human Rights in September of 1971 alleging that the City of Schenectady, its City Manager, the Department of Police, its Chief and the president of the Schenectady Patrolmen's Benevolent Association had unlawfully discriminated against her because of her sex in refusing to promote her to a vacant position of Police Sergeant in August of that year. Hearings were concluded in December of 1972 and the division, by decision dated March 30, 1973, found that the city, the Department of Police and its Chief had committed unlawful discriminatory employment practices by denying her an opportunity to become a Police Sergeant, but dismissed the charges against other parties. Among other items, the division ordered that she be offered the next vacancy in that rank. While an appeal to the State Human Rights Appeal Board was pending, a vacancy occurred and the division sought an injunction to

restrain the city from appointing anyone other than Eva Hawkins to that post. It now appeals Special Term's December 19, 1973 order denying the requested relief. The State Human Rights Appeal Board affirmed the division's initial order on April 10, 1974 and the former parties respondent petitioned this court to review that order pursuant to section 298 of the Executive Law. The petition should be granted and the appeal from the order of Special Term dismissed.

It appears that Eva Hawkins had served as a police woman assigned to the department's Youth Aid Bureau since 1957. She passed a competitive promotional examination for Police Sergeant in 1967 ranking eighth. The vacancy over which this contest arose became available shortly before the eligibility list established as a result of that examination was about to expire in August of 1971. By that time, Officer Hawkins ranked third on the list following two male officers who were also considered for the position. According to the terms of the city's collective bargaining agreement with the Patrolmen's Benevolent Association, the City Manager was obliged to await the recommendation of a three-person review committee before filling a promotional vacancy. It appears that one member of that committee may not have considered Officer Hawkins eligible for the available promotion because of her sex. The male officer who ranked first on the eligibility list was appointed to the Sergeant's post shortly after the review committee had completed its work. Under these circumstances, it may be inferred that the committee had recommended his appointment and that such recommendation had been accepted by the City Manager. Even if that premise is accepted, however, there was simply no evidence adduced to demonstrate that the attitude of one of its members had influenced the decision of the committee in its supposed recommendation. Viewing the entire record, we cannot conclude that there was sufficient evidence to support the division's finding of sex discrimination in the promotional appointing process. Accordingly, we need not pass upon any of the other contentions advanced by the parties in support of or opposition to the division's order, but must set it aside (Executive Law, § 298).

Furthermore, it was patently improper for the division to fashion the relief of requiring the city to offer the next available Police Sergeant vacancy to Officer Hawkins. Such action assumes that she is necessarily more qualified than any other potential candidate and would effectively substitute the judgment of the division for that of the appropriate appointing authorities (cf. *Matter of Berger* v. *Walsh,* 291 N. Y. 220). The

other charge of sex discrimination developed in this record concerning an unrelated incident need not be reviewed as it appears that Officer Hawkins has been reassigned to more favorable duties, thus mooting such issue.

Finally, our disposition of this proceeding renders academic any discussion of Special Term's order denying injunctive relief and the appeal therefrom must be dismissed.

The petition should be granted, and the order of the State Human Rights Appeal Board annulled, without costs. The appeal from the order entered December 19, 1973 which denied a motion for injunctive relief should be dismissed, as moot, without costs.

HERLIHY, P. J., STALEY, JR., SWEENEY and MAIN, JJ., concur.

Petition granted, and order of the State Human Rights Appeal Board annulled, without costs. Appeal from order, entered December 19, 1973, which denied a motion for injunctive relief dismissed, as moot, without costs.