GEORGE W. BLOODGOOD, Appellant, *v.* WILLIAM P. WUEST, Respondent.

*Master and servant — services within his employment rendered, as alleged, overtime, by a clerk in the Kings county clerk's office, for which the county clerk agreed to pay him — when he is not entitled to pay therefor in excess of his regular salary.*

In an action brought by an equity clerk in the office of the clerk of the county of Kings, against said county clerk, to recover for services rendered by him while working overtime, the plaintiff testified that a short time after his appointment he informed the defendant that his work was accumulating, and that he was working on it overtime, in reply to which the defendant said: "Well, keep it up; * * * I will pay you, keep the work up, I will pay you — will pay you for it." The plaintiff further testified that he worked before nine A. M. and after four P. M., the hours between which the county clerk is required to keep his office open for the transaction of business, by section 165 of the County Law (Laws of 1892, chap. 686, as amd. by Laws of 1895, chap. 961), but it did not appear that his appointment specified the hours of his employment. It also appeared that the plaintiff received a regular salary during the period he claimed to have worked overtime, and that the services rendered by him during such alleged overtime were wholly within the duties of his clerkship.

*Held*, that the plaintiff's complaint was properly dismissed.

APPEAL by the plaintiff, George W. Bloodgood, from a judgment of the Supreme Court in favor of the defendant, entered in the office of the clerk of the county of Kings on the 8th day of April, 1901, upon the dismissal of the complaint by direction of the court after a trial at the Kings County Trial Term, and also from an order entered in said clerk's office on the 17th day of April, 1901, denying the plaintiff's motion for a new trial made upon the minutes.

*J. Aspinwall Hodge, Jr.,* and *L. Lafayette Fawcett* [*P. W. Crane* with them on the brief], for the appellant.

*Hugo Hirsh,* for the respondent.

JENKS, J.:

The plaintiff testified that on January 1, 1898, he became an assistant equity clerk in the public office of the defendant, who was county clerk of Kings county; that a few weeks thereafter he said

to the defendant that the work was accumulating; that he was working on it overtime, whereupon the defendant said: "Well,. keep it up; * * * I will pay you, keep the work up, I will. pay you — will pay you for it;" that this was substantially repeated. at several subsequent conversations. During the time in question. the plaintiff received a regular monthly salary. His bill for the extra work was rendered to the defendant in October, 1899.

The plaintiff not only failed to show that the services were foreign to the duties of his clerkship, but, on the contrary, it appeared that they were wholly within them. · Though the plaintiff testified that he worked before nine A. M. and after four P. M., yet I think that this does not tend to prove that he worked overtime for the defendant. Although section 165 of the County Law (Laws of 1892 chap. 686 as amd. by Laws of 1895 chap. 961) requires the county clerk to keep his office open for the transaction of business· from nine o'clock A. M. until four P. M., yet this provision plainly is made for the convenience of those who have business with the office. The letter of the plaintiff's appointment was not produced, and he could not say whether it specified the hours of his employment. Indeed, he says that he reported at "all hours." I am not aware of any provision of law which regulates the internal administration of this office, or which defines the hours of employment of the clerks therein; in the sense that their voluntary work outside of such hours might tend to sustain any claim for extra compensation. I have used the term "voluntary work" for the reason that the plaintiff testifies that he was not told what work must be done by him each day, and that he was not required by his employer to work for any specified hours. The plaintiff could not infer from the character of his duties that that work was not required beyond the hours during which the office was open for the transaction of public business. For he testifies that such duties were to enter up all of the court papers that came into the county clerk's office and· to index them; to copy them in minute books and libers, and also to prepare indices, "filing them away, and so forth; make searches." Indeed, it might be argued that the nature of such services would require him who desired to. keep abreast of such work to labor when this public office was closed to the public. Mr. Wood, in his treatise on Master and Servant (2d ed., p. 174) lays down the rule:

"But in order to be entitled to extra compensation, the service must be such as the servant is under no obligation to perform, for where a person is bound to do an act, and his duty, either at law or under a contract is fixed, a promise to pay him an increased rate of compensation for doing what his duty requires him to do is a *nudum pactum,* and void for want of any consideration to support it," citing authorities. (See, too, *Carrere* v. *Dun,* 18 Misc. Rep. 18; 41 N. Y. Supp. 34, 35.) The learned counsel for the appellant relies upon *Kleb* v. *Wallach* (6 App. Div. 583). But in that case the labor performed was not within the plaintiff's regular employment, and the services rendered were not included in the plaintiff's regular work.

The judgment and order should be affirmed, with costs.

All concurred.

Judgment and order affirmed, with costs.