266

Louis F. Montreuil et al., Appellants-Respondents, *v.* Board of Estimate of the City of New York et al., Respondents-Appellants.

First Department, April 12, 1960.

*Lester G. Knopping* for appellants-respondents.

*Alfred Weinstein* of counsel (*Seymour B. Quel* and *Irwin L. Herzog* with him on the brief; *Charles H. Tenney, Corporation Counsel,* attorney), for respondents-appellants.

McNALLY, J.  In this action for judgment declaring invalid a provision in the 1959–1960 budget of the City of New York regarding savings to be effected in the office of the City Register, and the order of defendant Lewis Orgel, City Register of the City of New York, dated June 15, 1959, the cross appeals are from an order denying plaintiffs' motion for judgment on the pleadings.  The appeal of the defendants is limited to the failure to award judgment in their favor.

Plaintiffs are employed in the office of the City Register. Prior to July 1, 1959, exclusive of the months of July and August, plaintiffs worked from 9:00 A.M. to 4:00 P.M. daily, and during July and August from 9:00 A.M. to 2.00 P.M.  Plaintiffs did not work on Saturdays, Sundays and holidays.  On occasions, upon order of the City Register, plaintiffs also worked additional hours.  Since July 1, 1959 plaintiffs have been required to work from 9:00 A.M. to 4:00 P.M. during July and August and the rest of the year from 9:00 A.M. to 5:00 P.M.  No change is involved as to Saturdays, Sundays and holidays.

The Expense Budget for 1959–1960, effective July 1, 1959, provides: '' Savings to be effected by conforming the office hours of all employees in the office of the City Register in accordance with the provisions of Section B40–12.0 of the Administrative Code.  By July 1, 1959 the City Register shall submit to the Director of the Budget, for consideration by the Board of Estimate, a schedule of 15 positions to be eliminated in order to effect said savings  *  *  *  $60,000.''

The Administrative Code of the City of New York (§ B40–12.0) provides: '' Office Hours.— Except as otherwise provided by law, the office hours in all public offices of the city, and of all county offices within the city, shall be from nine o'clock ante-

meridian to five o'clock post-meridian. The head of a city office or department, or a county officer who comes within the foregoing provisions of this section, may adopt a rule that such office shall be closed to the public at four o'clock post meridian, when in the judgment of such officer, the period between the hours of four o'clock post meridian and five o'clock post meridian is required for the performance of the work in such office. During the months of July and August the office hours of such offices shall be from nine o'clock ante meridian to four o'clock post meridian if the head of the office or department so orders. The office hours of any such office, however, shall be from nine o'clock ante meridian to twelve o'clock noon on Saturdays.''

The order of the City Register dated June 15, 1959 set out the said budgetary provision and the provision of the Administrative Code (§ B40–12.0) and concluded:

'' Pursuant to the above requirements, the working hours of the employees of the Register's office on and after July 1, 1959 will be as follows:

'' From 9 a.m. to 4 p.m. during July and August; from 9 a.m. to 5 p.m. during the rest of the year.''

Plaintiffs argue that the budget provision constituted an usurpation of the legislative power of the Council of the City of New York. There is no merit to this contention. The Board of Estimate of the City of New York is vested with the power to create and abolish positions. The City Register may not select persons to fill positions without an appropriation therefor, which is exclusively the power of the Board of Estimate. (*Matter of Ross* v. *La Guardia,* 287 N. Y. 28, 32.)

The 1959–1960 budget eliminated 15 positions in the office of the City Register. The validity of the said action is unaffected by the assigned reason therefor. The budget action necessitated a distribution of the same work among 15 less employees than theretofore, giving rise to the alternative of increased productivity per employee within the working hours in effect prior to June 15, 1959 or an increase in the working hours. The increase in working hours suggested in the budget is consistent with the recognition of the efficiency of the remaining personnel and the purpose to avoid impairment thereof by provision for an adjustment in working hours commensurate with the additional work load. If there was any other alternative, the complaint fails to allege or suggest it. The order of the City Register therefore represents the exercise of the only alternative

available to him and the fact that it was forecast in the budget is of no legal significance.

Plaintiffs also challenge the power of the City Register to increase their working hours. If their working hours are irrevocably fixed by statute, then, of course, the City Register is without power to vary them. Plaintiffs rely on Administrative Code (§ 1052–22.0) which provides: "Business hours.— The office of the register shall remain open for the transaction of business every day in the year, except Sundays and other days and half days declared by law to be holidays or half holidays, from nine o'clock in the forenoon to four o'clock in the afternoon, except during the months of July and August of each year when it shall remain open from nine o'clock in the forenoon until two o'clock in the afternoon. The register may order any of his subordinates or employees to serve during such additional hours as the proper performance of the duties of the office requires."

The aforesaid provision fixes business hours and does not purport to establish working hours. Business hours affect the right of the public to the services of the public office. Working hours need not be coextensive with business hours and may exceed them, since the services rendered to the public entail the maintenance of records which may involve working hours beyond the hour when the office is closed to the public. (*Bloodgood* v. *Wuest*, 69 App. Div. 356.)

We do not construe the last sentence of section 1052–22.0 as a limitation on the power of the City Register to require additional working hours. Nothing in the history of the statute nor in the nature of the services performed by the City Register suggests a basis for discrimination in working hours between his employees and other city employees.

On a motion for judgment on the pleadings, the court may render judgment without regard to which party makes the motion. (Rules Civ. Prac., rule 112.) Where, as here, no issue of fact is present, the court should exercise its power to declare the rights and legal relations of the parties. (*Rockland Light & Power Co.* v. *City of New York*, 289 N. Y. 45, 51.)

Accordingly, the order appealed from should be modified, on the law, to the extent of directing judgment declaring valid the said budget provision and the order of the City Register dated June 15, 1959, and, as so modified, affirmed, with costs to defendants-respondents-appellants.

BREITEL, J. P., RABIN, M. M. FRANK and VALENTE, JJ., concur.

Order unanimously modified, on the law, to the extent of directing judgment declaring valid the said budget provision and the order of the City Register dated June 15, 1959, and, as so modified, affirmed, with $20 costs and disbursements to the defendants-respondents-appellants. Settle order.