JOHN M. WILLIAMSON, Assistant Corporation Counsel, BrownCounty
You request my opinion whether or not the payment of a second installment of real estate taxes, which may be paid without interest on or before July 31, 1971, as provided by sec. 74.03 (2) (b), Stats., may nevertheless be made to your county treasurer on August 2, 1971, without rendering said payment delinquent and, therefore, subject to the payment of interest under the provisions of sec. 74.03 (6), Stats. The latter section provides that the real estate taxes unpaid on August 1 are delinquent and, therefore, subject to payment of interest from January 1 next preceding.
The answer to your question depends on whether your treasurer's office maintained "usual business hours" or "established official office hours," within the meaning of those terms as used in secs. 59.14 (1) and 990.001
(4) (c), Stats., on July 31, 1971.
Section 59.14 (1), Stats., provides, in part, as follows:
"Offices where kept; when open. (1) Every . . . county treasurer . . . shall keep his office at the county seat in *Page 412 
the offices provided . . . . All such officers shall keep such offices open during the usual business hourseach day, Sundays excepted, and except that the county board of each county may permit said officers to close their offices on Saturday or on legal holidays for such time as the county board directs . . . ." (Emphasis added.)
Section 990.001 (4) (c), Stats., provides, in part, as follows:
"(c) When the last day within which a proceeding is to be had or taken or an act done, which consists of any payment to . . . any officer . . . of any county, . . . of any money, . . . falls on a Saturday and the dulyestablished official office hours of such officer, . . . to which such payment is to be made . . . do not include any office hours thereof on such Saturday, said proceeding may be had or taken or such act may be done on the next succeeding day that is not a Sunday or a legal holiday." (Emphasis added.)
You advise that a resolution was passed by the county board for Brown County on July 17, 1951, which provided that the courthouse would be open from 8 o'clock a.m. to 12 o'clock noon and from 1 o'clock p.m. to 4:30 p.m., Monday through Friday, and that the courthouse would be closed on Saturdays. You further advise that the county treasurer's office was in the courthouse on the date of this resolution. Although you also refer to two earlier resolutions of your county board, I consider those resolutions irrelevant, at least for the purposes of this opinion. You further advise that the practice in the county treasurer's office over the last 15 years has been to remain open from 8 o'clock a.m. to 4:30 p.m., including being open during noon hours, and that said office has normally remained closed on Saturdays during that period of time, except for a prior instance in 1965 when July 31 fell on a Saturday. In this prior instance, the office remained opened to the public.
In July of this year, the Brown County treasurer published a notice in the Green Bay Press-Gazette once a week for four consecutive weeks which warned that the final date of payment for the second installment of real estate taxes would *Page 413 
be July 31, 1971, and that interest would be charged on payments made after that date. The notice stated:
 "OFFICE HOURS: MONDAY, thru FRIDAY 8 A.M. to 4:30 P.M. Including Noon Hour
 Since Final Date Falls on a SATURDAY, OUR OFFICE WILL BE OPEN ALL DAY SATURDAY, JULY 31"
You further indicate that this same notice appeared once in the DePere Journal and in the Brown County Chronicle and was given to four radio stations and three television stations so that they could inform the public of the Saturday opening.
It is my opinion, based on the foregoing factual situation and the statutes referred to, that the Brown County treasurer's office cannot legally collect interest on payments of the second installment of real estate taxes which are made on Monday, August 2, 1971, even though the office of the treasurer was open Saturday, July 31, 1971, from 8 o'clock a.m. to 4:30 p.m.
The previously described resolution of the Brown County Board, which sets forth the hours during which certain county offices are to remain open, quite clearly establishes the "usual business hours" such offices remain open each day. While neither the language of sec. 59.14 (1), Stats., nor that of the subject ordinance require the county treasurer to close her office on Saturdays, the facts do disclose that, as a matter of normal practice, the "usual business hours" of the treasurer's office do not include hours on Saturday.
One court has defined the term "business hours" as relating to hours during which the public had a right to the services of a public office. Montreuil v. Board ofEstimate of City of New York, 10 App. Div. 2d 266,198 N.Y.S. 2d 891. Another court, considering a Federal rule, which provided that an office should remain open "during business hours" on all days except Sundays and legal holidays, held that the *Page 414 
term "business hours" in its natural sense meant those hours during which persons in the community generally kept their places open for the transaction of business.Casalduc v. Diaz (C.C.A. Puerto Rico), 117 F.2d 915, 916. The hours the Brown County treasurer's office remained open on July 31, 1971, would not come within the definition of "business hours" as defined in either of these cases.
Finally, it seems quite logical to view the "usual business hours" referred to in sec. 59.14 (1) Stats., as referring to the same hours as the phrase "duly established official office hours" appearing in sec. 990.001
(4) (c), Stats. At least one court, in fact, has equated "office" hours with "business" hours. El Paso S. W.Ry. Co. v. Kelley, (Tex.Civ.App.) 83 S.W. 855, 860. Therefore, in the present instance, it may be said that sec. 59.14 (1), Stats., as implemented by legislative action of the county board, establishes the official office hours. As noted in Reichert v. Milwaukee County
(1914), 159 Wis. 25, 35, 150 N.W. 401:
"* * * Within the scope of the authority conferred by the legislature the county, through its board ofsupervisors, may by its acts arouse official action andofficial duties upon the part of other county officers, but the powers of the latter derived from the state legislature may not be taken away or narrowed by action of the county board nor enlarged except in cases in which the legislature has authorized such limitation or enlargement. * * *" (Emphasis added)
Finally, as you point out in your letter, our office has previously recognized a connection between secs. 59.14
and 990.001 (4), Stats., when considering a slightly different question in 47 OAG 41 (1958). In that opinion the following was stated, at pages 42-43:
"You have suggested that complications might arise if a county treasurer's office, for example, were open on Lincoln's Birthday, and the last date for advance payment of inheritance tax to secure discount fell on that day. You ask:
"`Suppose a taxpayer not knowing that the office is actually open to the public, believing it to be closed as the day is a legal holiday, does not make his payment until the day *Page 415 
following. Would not the tax authorities say that he should have paid it by appearing at the Treasurer's office on February 12th?'
"I do not see how the fact that an office is kept open for the convenience of the public could deprive a taxpayer of the rights given by sec. 990.001 (4) (b), to the effect that when the last day within which an act is to be done falls on a Sunday or legal holiday, the act may be done on the next secular day.
"It is my opinion that the legislature did not intend that sec. 59.14, by requiring offices to be kept open during certain days and hours, should preclude the county officers named from giving additional service to the public when they deem the duties of their offices could be more effectively performed by so doing."
It should also be noted that no question should any longer exist as to the general applicability of sec. 990.001
(4), Stats., to all statutory provisions, including the provisions of ch. 74, Stats., first referred to in this opinion. Shortly after present sec. 990.001 (4), Stats. was enacted as sec. 370.001 (4), Stats., by ch. 307, Laws of 1955, our office had no difficulty in concluding that "when July 31, falls on Sunday, the second installment of real estate taxes under sec. 74.03, Stats., may be paid on August 1 without interest or penalty, to the same effect as if the same had been paid on or before July 31." 44 OAG 172, 173 (1955). Our office indicated the following, at p. 173:
"In this connection, it may also be pointed out that said ch. 307, Laws 1955, also creates a sec. 370.001 (4) (c) which takes care of the situation where an office of the state or of any county, city, village, town, school district, or other subdivision of the state, isofficially closed on Saturday. If the last day for paying any money to or serving upon or filing a document with such an office falls on Saturday, such payment may be made to or document filed with it on the next secular day."
Quite obviously, therefore, a public office may actually be kept open to the public on a particular day while at the *Page 416 
same time it is "officially" closed within the meaning of sec. 990.001 (4) (c), Stats. As previously indicated, it is my opinion that the hours which the Brown County treasurer kept her office open on July 31, 1971, were neither usual business hours nor duly established official office hours. Such being so, taxpayers would have until the next Monday, August 2, 1971, to pay their second installments of real estate taxes.
RWW:JCM