CAL W. KORNSTEDT, Corporation Counsel Dane County
You have asked for my opinion regarding the final dates under sections 74.025 and 74.03, Stats., for the timely mailing of property tax payments in 1988.
Under section 74.03 (2)(a) and (b), the first and second installments for the payment of property taxes are due on or before January 31 and July 31. In 1988, because those dates fall on Sundays, the deadlines become the next business days, which are *Page 2 
February 1 and August 1. See sec. 990.001 (4)(b), Stats.; 60 Op. Att'y Gen. 411, 415 (1971); and 44 Op. Att'y Gen. 172 (1955).
The question you present is this: Under these circumstances, where the final dates for making payments in person are February 1 and August 1, what are the deadlines under section 74.025 for postmarking timely mailings of tax payments? Are the deadlines still January 31 and July 31, which are the dates specified in section 74.03 (2)(a) and (b); or are the deadlines February I and August I under sections 74.03 (2)(a) and (b) and 990.001 (4)(b)?
Section 74.025 provides as follows:
 Timely payment. Except as provided in ss. 74.03 (10) (e) and 74.79 (3), whenever in this chapter or in ch. 75 a payment is required to be made by a taxpayer on or before a certain date, payment shall be considered timely made if mailed in a properly addressed envelope with postage prepaid, which envelope is postmarked before midnight of the last date prescribed for the making of the payment and received by the proper official to whom directed within 5 days of the prescribed date. If the requirements set forth in the preceding sentence are not fulfilled due only to delay or administrative error on the part of the U.S. postal service, the payment shall be considered timely.
You state that the Dane County treasurer interprets the statutes to mean that when the deadline date falls on a Sunday, the deadlines for making personal payments and postmarking mailed payments are extended to the next business day, which in 1988 are February I and August 1. You also state that other municipalities have concluded that for mailing, the deadline for a timely postmark remains January 31 and July 31 because those are thedates specified by sections 74.025 and 74.03 (2)(a) and (b) and because taxpayers can mail and obtain timely postmarks on the Sundays of January 31 and July 31.
In my opinion, when sections 74.0257 74.03 (2)(a) and (b) and990.001 (4)(b) are read together, the deadlines for postmarking a timely mailing are February 1 and August 1; and to satisfy section 74.025, the proper official should receive the payment within five days of those dates, not within five days of January 31 and July 31.
Section 74.025 requires that mailed payments be postmarked before midnight "of the last date prescribed for the making of the payment." Normally the last dates prescribed by section 74.03
(2)(a) *Page 3 
and (b) are January 31 and July 31. When those dates fall on Sundays, however, the prescribed dates become February 1 and August 1. See sec. 990.001 (4)(b), Stats.; 60 Op. Att'y Gen. at 415; and 44 Op. Att'y Gen. at 172-73. Section 990.001 (4)(b), which provides that "[i]f the last day within which an act is to be done or proceeding had or taken falls on a Sunday or legal holiday the act may be done or the proceeding had or taken on the next secular day," states a rule that shall be observed in construing Wisconsin laws unless construction in accordance with the rule would produce a result inconsistent with the manifest intent of the Legislature. See sec. 990.001, Stats. In this case, section 990.001 (4)(b) is completely consistent with section 74.025.
The purpose of section 74.025 is to have the final dates for postmarking a mailed payment coincide with the final date for making the payment in person. This purpose is evidenced by the preamble to chapter 63, Laws of 1965, which stated, in part, that the law was passed "to create 74.025 of the statutes to provide that payments of certain taxes are timely made if mailed and postmarked by the due date." It is proper to examine the preamble of the law to ascertain legislative intent. See State ex rel.Cities S.O. Co. v. Bd. of Appeals, 21 Wis.2d 516, 526,124 N.W.2d 809 (1963), and Smith v. Brookfield, 272 Wis. 1, 5-6,74 N.W.2d 770 (1956).
My interpretation of sections 74.025, 74.03 (2)(a) and (b) and990.001 (4)(b) achieves the purpose of the legislation.
DJH:SWK *Page 4