■ In the Matter of LEON CHIKOFSKY, Respondent, v. EDWARD THOMPSON, as Commissioner of the Fire Department of the City of New York, Appellant.— Order entered February 18, 1964, directing the Commissioner of the New York City Fire Department to promote petitioner from the rank of Captain to that of Battalion Chief, unanimously reversed, on the law and the facts, and the petition dismissed, without costs. Petitioner, a Captain in the Fire Department, had taken and passed the competitive examination for the next higher rank in the Department, that of Battalion Chief, and had been duly certified by the Municipal Civil Service Commission as eligible for promotion to that position. However, prior to the commencement of this proceeding, the Fire Commissioner.

passed over petitioner's name three times and refused to promote him. The reason given by the Fire Commissioner was that petitioner was unable to perform full fire duty as a Battalion Chief because of physical disability. Petitioner had theretofore been placed on limited service in the department because of a partial disability sustained in the performance of fire fighting duties. Upon the last occasion that the Fire Commissioner refused to promote petitioner such action was taken only after the Medical Board of the Fire Department had concluded that petitioner was unfit for fire duty. There can be no question that the Fire Commissioner has the power to pass over an eligible who has been certified for promotion. (Civil Service Law, § 61, subd. 1; Rules and Regulations of the New York City Civil Service Commission, §§ 4.7.2, 4.7.3.) Nor is there any disagreement between the parties that because of petitioner's limited service status, he may be compelled to retire upon application of the Fire Commissioner. (Administrative Code, §§ B19–7.83, B19–7.84.) However, the Fire Commissioner in passing over petitioner's name for promotion, although not required to do so, explicitly rested his determination on petitioner's failure to meet the full physical requirements of the position to which he sought promotion. The crucial question here, then, is whether the Fire Commissioner in thus predicating his refusal to promote petitioner reasonably exercised his powers or whether the Fire Commissioner was constrained, in the circumstances of this case, to promote petitioner to perform duties as a Battalion Chief which would not involve fire fighting. Stated in another form, was it arbitrary or unreasonable for the Fire Commissioner to require that someone promoted to the position of Battalion Chief meet a standard of fitness to engage in fire fighting even though it was possible, and in fact probable, that there would be an assignment to duties which would not require such person to respond to fire alarms. We have concluded that the Fire Commissioner's refusal to promote one who is physically disabled from performing all the duties of the position to which he seeks promotion, was not arbitrary, capricious or unreasonable. It is immaterial that the Fire Commissioner's determination followed on, and coincided with, the expression of similar views by the Mayor of the City of New York. The record does not support petitioner's contention that the Fire Commissioner merely succumbed to the dictates of City Hall and that he did not exercise his independent judgment in arriving at his conclusion. Since there was a substantial rational basis for denying promotion, the courts may not substitute their judgment for that of the administrative official even though the petitioner's case invokes sympathetic consideration. In sum, the Fire Commissioner had the power to deny promotion in this case, and in the exercise of that power we cannot say that the Commissioner acted arbitrarily or unreasonably. The contrary conclusions by Special Term must be rejected. Concur — Botein, P. J., Valente, McNally, Stevens and Eager, JJ.