■ In the Matter of GAIL MITCHELL, Respondent, v HARRY I. BRONSTEIN, as Personnel Director of the City of New York, et al., Appellants.—Order, Supreme Court, New York County, entered February 13, 1975, directing the petitioner's immediate appointment as a probationary police officer, unani-

mously modified, on the law, to the extent of directing the Civil Service Commission to declare the applicant eligible for the position of probationary police officer and directing that her name be certified to the Police Commissioner, and otherwise affirmed, without costs or disbursements. Petitioner had taken a qualifying examination for a position as a policewoman and was called for appointment in June, 1973. She was rejected on the grounds that she had a "history of alcoholism." The article 78 proceeding brought by petitioner to review the rejection resulted in a remand to the respondent for reconsideration, Justice Quinn finding: "Respondents not only have not adduced any acceptable proof of alcoholism past or present, cured or uncured, they have not even attempted to ascertain the veracity of petitioner's denial of the statement ascribed to her in the unverified hospital abstract; nor evaluated as countervailing evidence petitioner's record of employment in the law enforcement field during the past five years. Respondents' perfunctory affirmance of petitioner's medical rejection was not based on a reasonable inquiry and review and is arbitrary and capricious." A subsequent proceeding was initiated by petitioner to hold, *inter alia,* the respondent in contempt for failure to comply with the directives of Justice Quinn and for immediate appointment. Justice Mangan denied the relief and directed the scheduling of a further examination of petitioner. Petitioner was re-examined and then received a request for additional examination. She applied again for immediate appointment. The proceeding was referred to Justice Quinn, who stated: "It is uncontroverted that the respondents have had five psychiatric examinations of petitioner, the last of which was held on September 16, 1974. Respondents do not furnish the court with any of the findings of these examinations to justify the demand for a sixth examination. It is clear that respondents are not acting in good faith to comply with the order of this court". The order entered upon this memorandum decision* directed the immediate appointment of petitioner. While we are in full agreement with Special Term that the respondent has not proceeded in good faith in processing petitioner's application, we are constrained to modify the order entered. At this juncture, on the record presently before the court, we find it beyond cavil that the credentials of the petitioner are such that she is indeed eligible for the appointment she seeks. However, the court should not, even upon a showing of bad faith or arbitrariness, direct the appointment of any eligible but, rather, remand the matter to the appointing officer for appropriate reconsideration *(City of Schenectady v State Div. of Human Rights,* 37 NY2d 421, 430; *Matter of Berger v Walsh,* 291 NY 220, 223; *Matter of Delicati v Schechter,* 3 AD2d 19, 23–24). Concur—Kupferman, J. P., Lupiano, Lane, Nunez and Lynch, JJ.

---

* The order was signed, pursuant to CPLR 9002, by Justice Fine after the death of Justice Quinn.