■ In the Matter of PAUL LARKIN, Respondent-Appellant, v THOMAS J. SARDINO, as Chief of Police of the City of Syracuse, Appellant-Respondent. —

Judgments unanimously reversed, without costs, and petition dismissed. Memorandum: Respondent is the Chief of Police of the City of Syracuse. Petitioner has been a police officer in that city since 1968. Following a promotional examination in May, 1979, petitioner placed sixth on the eligibility list for promotion to the rank of sergeant. In January, 1980 respondent appointed 16 police officers, excluding petitioner, to the rank of sergeant. All of those who were appointed were eligible for promotion in accordance with section 61 of the Civil Service Law. In this article 78 proceeding petitioner contends that respondent's failure to have promoted him was arbitrary, capricious and an abuse of discretion. He asks that respondent's determination be annulled and that respondent be directed to promote him immediately to the rank of sergeant. Respondent moved to dismiss on the grounds that the petition was legally deficient and that the court did not have authority to grant the requested relief. The trial court denied respondent's motion and the matter proceeded to a hearing. In his petition, and in his testimony at the hearing, petitioner contends that respondent refused to promote him because of the "climate in the community". He asserts that respondent reached that conclusion on the basis that in 1970 petitioner, upon responding to a robbery call, shot and killed a black youth named Jeremiah Mitchell. He further alleges that he has been completely absolved of any wrongdoing with respect to that incident and that respondent's reason for declining to promote him is not related to his job performance and amounts to an additional qualification for promotion which is peculiar to him and to no other applicant. The trial court agreed, and although it declined to direct respondent to promote petitioner, it remitted the matter to respondent with a direction that he reconsider petitioner for immediate promotional appointment. Initially, we note our agreement with the trial court in declining to direct respondent to promote petitioner. It is a well-established principle that a court may not supersede the appointing authority and exercise the appointing power for him (Matter of Cassidy v Municipal Civ. Serv. Comm. of City of New Rochelle, 37 NY2d 526, 529; City of Schenectady v State Div. of Human Rights, 37 NY2d 421, 430; Matter of Berger v Walsh, 291 NY 220, 222-223; Hurley v Board of Educ., 270 NY 275, 279; Matter of Donofrio v Hastings, 60 AD2d 989; Matter of Mitchell v Bronstein, 51 AD2d 942, affd 42 NY2d 913; Matter of Reeves v Golar, 45 AD2d 163). At the hearing respondent advanced his reasons for having denied the promotion. He testified that the killing of the Mitchell youth was a continuing cause of ill will in the black community against the Syracuse Police Department. He asserted that petitioner had not exercised good professional judgment or maturity in the Mitchell shooting and had not matured since that time to respondent's satisfaction. He expressed his concern that petitioner's judgment in the exercise of duties of a command officer might be affected by the trauma of the Mitchell incident. Finally, he observed that petitioner's ability to function as a command officer in predominantly black neighborhoods would be impaired and, accordingly, respondent's ability to assign petitioner would be restricted. It is thus clear that respondent's determination had a rational basis (see Matter of Shedlock v Connelie, 66 AD2d 433) and bore directly upon petitioner's prior conduct as a police officer. His reasoning was well within the ambit of his authority. Police work is of an especially sensitive nature (Matter of Muldoon v Mayor of Syracuse, 34 NY2d 222, 237; Matter of Hess v Town of Vestal, 30 AD2d 599) and respondent is not to be unnecessarily circumscribed in his authority to carry out his demanding duties. He is the person ultimately responsible for effective discipline, and for the protection of "both community and the police force from dangers reasonably foreseen and risks which may become serious liabilities or have grave consequences" (Matter of Waterhouse v

*Hastings,* 73 AD2d 1034, 1035). Thus viewed, respondent's determination to exclude petitioner from promotion may not be disturbed. (Appeals from judgments of Onondaga Supreme Court — art 78.) Present — Dillon, P. J., Cardamone, Simons, Schnepp and Doerr, JJ.