■ In the Matter of DOMINICK RUGGERI, Individually and as President of Local 559 of the Civil Service Employees Association, Inc., et al., Respondents, v FRANK HALL, as Director of the Division for Youth, et al., Appellants. — Appeal from a judgment of the Supreme Court at Special Term (Pennock, J.), entered March 30, 1983 in Albany County, which granted petitioners' application, in a proceeding pursuant to CPLR article 78, to, *inter alia,* require respondents to appoint the youth facility director III at the Tryon State School from the current existing eligible list. ¶ Petitioners commenced this proceeding challenging various hiring practices at the Tryon State School (Tryon) operated through the State Division for Youth. Special Term granted the petition, finding that respondents' practices were designed to circumvent the statutorily mandated civil service hiring process and to keep Rose Washington acting as director of Tryon regardless of her title. On this appeal, respondents do not dispute Special Term's conclusion that the hiring practices were arbitrary and, because Washington has left the employ of the State Division for Youth and because examinations for positions held by long term provisionals have been scheduled, respondents do not challenge Special Term's judgment in these regards. Respondents do contend that Special Term was without authority to order them to make an appointment to the youth facility director III position at Tryon from the existing eligible list, which was nonviable as it contained less than three names. ¶ We conclude that regardless of whether the appointment ordered by Special Term was to be permanent or provisional, Special Term was without authority to make such an order. In *Matter of Heslin v City of Cohoes* (74 AD2d 393, revd 53 NY2d 903), Justice Herlihy, upon whose dissent the Court of Appeals reversed, indicated that, absent voluntary surrender by the appointing authority, the policy against restrictions upon the power to make permanent appointments applied equally to the power to make provisional appointments (*id.,* at p 399). As such, just as an entity which acts arbitrarily or in bad faith with regard to a permanent appointment cannot be forced by a court to make a specific appointment to remedy the situation (see, e.g., *Matter of Berger v Walsh,* 291 NY 220, 222-223; *Matter of Donofrio v Hastings,* 60 AD2d 989, 990), an entity found to have acted arbitrarily or in bad faith with regard to a provisional appointment cannot be ordered by a court to make a specific appointment as a remedy (see *Matter of Mitchell v Bronstein,* 51 AD2d 942, 943, affd 42 NY2d 913). ¶ Thus, despite respondents' conduct designed to circumvent the civil service hiring process and to keep Washington acting as director of Tryon, Special Term should not have ordered an appointment to be made from the nonviable eligible list. Rather, respondents should have been ordered to reconsider and to make decisions concerning filling the youth facility director III position which are free from the use of improper factors (see *Matter of Rochester Colony v Hostetter,* 19 AD2d 250, 255). We add that, although Special Term erred in this regard, we agree with Special Term's assessment that respondents' provisional appointment of one who could not even take the civil service examination over two who were qualified for permanent appointment was an incredible abuse of discretion (see *Liebman v New York City Housing Auth.,* 91 Misc 2d 854, 855). ¶ Judgment modified, on the law, without costs, by vacating so much thereof as ordered

that the youth facility director III be appointed from the current existing eligible list and by substituting a provision requiring that respondents reconsider such appointment in good faith, and, as so modified, affirmed. Kane, J. P., Main, Casey, Levine and Harvey, JJ., concur.