In the Matter of GEORGE SCHMITT, Respondent-Appellant, v ROBERT R. KILEY et al., Appellants-Respondents.

The pleadings and affidavits contained in the record establish that the petitioner was one of four individuals who, in February and March 1985, were considered for promotion to

two vacancies in the position of "Line Supervisor (Lighting)". These four individuals had been placed on a list of eligibles for that title by the City of New York Department of Personnel on February 1, 1984, after they had taken and passed a civil service examination. The four individuals considered for promotion were ranked Nos. 20, 21, 22 and 23 on that list. The petitioner, who was ranked No. 22, was not promoted, nor was the candidate ranked No. 20. It is conceded that the reason for the failure to promote the petitioner was that he had an attendance record inferior to that of the two candidates (Nos. 21 and 23) who were promoted. The petitioner, claiming that this determination was arbitrary and violative of Executive Law § 296, commenced this CPLR article 78 proceeding. Special Term held that Robert Kiley and the Transit Authority acted arbitrarily in considering the petitioner's inferior attendance record as a factor in denying him the promotion, and granted the petition to the extent of directing Kiley and the Transit Authority to reconsider the petitioner for promotion. This holding was erroneous, and, accordingly, we reverse.

Pursuant to Public Authorities Law § 1210 (2) and Civil Service Law § 61, the Transit Authority may promote an employee to a given vacancy by selecting one of the three highest ranking candidates on a list of eligibles for such position. The discretion that this affords to the Transit Authority to promote a lower-scoring candidate over a higher scoring one is consistent with NY Constitution, article V, § 6 (see, Matter of Cassidy v Municipal Civ. Serv. Commn., 37 NY2d 526). Where, as in the case at bar, there are two vacancies to be filled by promotion, the effect of the "one out of three" rule is to allow the promotion of two out of the highest four candidates on the list, irrespective of the actual rankings (see, Matter of Organization of N. Y. State Mgt./ Confidential Employees v Lawton, 106 AD2d 48, 50). So long as the promoting authority's determination as to which of the candidates to promote has a rational basis, it will not be disturbed (Matter of Larkin v Sardino, 79 AD2d 1096; Matter of Chikofsky v Thompson, 22 AD2d 782). In this case, the petitioner's significantly poorer attendance record clearly provides a rational basis upon which the determination may be sustained.

The petitioner also argues that because his absenteeism resulted from actual physical illness, the refusal to promote him amounts to discrimination on the basis of a disability in violation of Executive Law § 296. Executive Law § 292 (21) defines disability as a deficiency which does not prevent the

employee from coming to work. In the instant case, the petitioner's illness prevented him from coming to work and is not a disability as defined in Executive Law § 292 (21) *(see also, Matter of Silk v Huck Installation & Equip. Div.,* 109 AD2d 930; *Matter of Halpin v State Human Rights Appeal Bd.,* 65 AD2d 898). For the foregoing reasons, the petition is devoid of merit and should have been dismissed. Lazer, J. P., Niehoff, Lawrence and Kooper, JJ., concur.