■ In the Matter of CRAIG S. DeMEO, Appellant, v BOARD OF EDUCATION OF THE MASSAPEQUA UNION FREE SCHOOL DISTRICT et al., Respondents.—In a proceeding pursuant to CPLR article 78 to review a determination of the respondent Board of Education of the Massapequa Union Free School District dated February 5, 1988, terminating the petitioner's employment as a custodian, without a hearing pursuant to Civil Service Law § 75, the petitioner appeals from a judgment of the Supreme Court, Nassau County (Collins, J.), entered February 24, 1989, which dismissed the proceeding.

Ordered that the judgment is reversed, on the law, with costs, the petition is granted, the petitioner is reinstated, and the matter is remitted to the Supreme Court, Nassau County, for a computation at the amount of back pay to which the petitioner is entitled.

On August 10, 1987, the respondent Board of Education of the Massapequa Union Free School District, using an eligibility list, appointed the petitioner Craig S. DeMeo to the position of custodian. The respondents' notice of selection sent to the Nassau County Civil Service Commission noted that the petitioner's appointment date was August 10, 1987, and that his probationary period was 26 weeks. DeMeo commenced working on August 10, 1987. However, in a "Report of Personnel Action" the respondents noted that the effective date of the petitioner's appointment to the position of custodian was August 24, 1987.

We agree with the Supreme Court's determination that the petitioner's probationary period began on August 10, 1987, and ended 26 weeks later.

Nassau County Civil Service rule XIX § 1 (a) provides, in relevant part, that: "The appointing authority shall report the appointment to the Civil Service Commission and indicate the specific term of the probationary period on a form to be provided by the Commission". Only the respondents' notice to the Nassau County Civil Service Commission, which lists the effective date as August 10, 1987, satisfies Nassau County Civil Service rule XIX § 1 (a).

The petitioner failed to receive notice of discharge prior to the expiration of his probationary term, as required by Nassau County Civil Service rule XIX § 6, and the respondents' attempt to provide notification of discharge on February 10, 1988, after the 26-week probationary period had passed, did not constitute compliance with the rule.

As the petitioner was not notified of his discharge prior to the expiration of his probationary period, he became a permanent appointee and could not be discharged without a hearing pursuant to Civil Service Law § 75 *(Matter of Albano v Kirby,* 36 NY2d 526). Bracken, J. P., Eiber, Sullivan and Rosenblatt, JJ., concur.