■ In the Matter of Vincent T. Del Prete, Appellant, v City of Yonkers et al., Respondents.—In a proceeding pursuant to CPLR article 78, *inter alia,* to review a determination of the respondents appointing two individuals other than the petitioner to the competitive civil service position of automotive repair superintendent, the petitioner appeals from (1) a decision of the Supreme Court, Westchester County (Difede, J.H.O.), dated June 24, 1988, which denied the petition, and (2) a judgment of the same court, entered July 21, 1988, which dismissed the proceeding.

Ordered that the appeal from the decision is dismissed, without costs or disbursements, as no appeal lies from a decision; and it is further,

Ordered that the judgment is affirmed, without costs or disbursements.

The petitioner argues that the respondents acted in an arbitrary and capricious manner when they promoted two other civil service candidates to the position of automotive repair superintendent whose rankings were lower than his on the pertinent list of eligible appointees. Indeed, based upon the results of the previous civil service examination for the position, the petitioner was ranked first on the eligible list, while the two men who were ultimately appointed to the positions were ranked second and fourth respectively. However, while Civil Service Law § 61 (1) requires the promotion of one of the top three eligible candidates for promotion or appointment to a competitive civil service position, it is well settled that where there are two vacancies to be filled, the effect of the "one out of three" rule is to permit the promotion of two out of the four top ranked candidates on the eligible list, irrespective of their actual rankings *(see, Matter of Schmitt v Kiley,* 124 AD2d 661). Indeed, a municipal employer possesses broad discretion in making appointments from the list of eligible candidates *(see, Serva v Office of Ct. Admin.,* 92 AD2d 587), including the discretion to appoint a lower-scoring candidate over a higher-scoring candidate *(Matter of Schmitt v Kiley, supra; see also, Matter of Cassidy v Municipal Civ. Serv. Commn.,* 37 NY2d 526). So long as the promoting authority's determination as to which candidates to promote has a rational basis, it will not be disturbed *(see, Matter of Larkin v Sardino,* 79 AD2d 1096).

In the instant case, the petitioner adduced evidence that he capably performed the duties of automotive repair superintendent while he acted in that capacity on an interim basis. However, there was also evidence that the Commissioner of Public Works was dissatisfied with the petitioner's provisional supervision of the vehicle maintenance division, and that the repair shop was not being run as efficiently and productively as possible. Furthermore, there was evidence that the fourth ranked candidate possessed greater seniority than the petitioner and that he possessed more supervisional administrative experience. Accordingly, notwithstanding the petitioner's superior numerical civil service ranking, the respondents had a rational basis for their determination which will not be disturbed on appeal. Brown, J. P., Rosenblatt, Miller and Ritter, JJ., concur.

■ In the Matter of J.W. MAYS, INC., Respondent, v JOAN P.