■ In the Matter of LOUIS DRAMIS, Appellant, v NASSAU COUNTY COMMUNITY COLLEGE et al., Respondents.—In a proceeding pursuant to CPLR article 78 to compel the Board of Trustees of Nassau Community College to promote the petitioner to the position of Security Officer III, and to review its determination denying him promotion, the petitioner appeals from a judgment of the Supreme Court, Nassau County (Kutner, J.), entered November 3, 1989, which dismissed the proceeding.

Ordered that the judgment is affirmed, without costs or disbursements.

The petitioner, a Security Officer II with the respondent Nassau County Community College, took and passed a competitive Civil Service examination for the position of Security Officer III. Following the appointment of the persons ranking ahead of him on the eligible list, the petitioner was named first on the next certified eligible list. Subsequently, three persons who were lower ranked than the petitioner were appointed. The petitioner commenced the instant proceeding to compel the respondents to promote him. After a hearing, the court dismissed the petition, finding that (1) the petitioner had failed to sustain his burden of proving that the respondents' failure to promote him was arbitrary and capricious, and (2) the respondents had acted in accordance with Civil Service Law § 61 (1) in their appointment procedure. We affirm.

Civil Service Law § 61 (1) authorizes the appointment of any one of three persons with the highest rankings on an eligible list who are willing to accept the appointment or promotion. The statute affords the promoting authority broad discretion in the selection of candidates, including that of appointing a lower-scoring candidate over a higher-scoring one *(see, Matter of Cassidy v Municipal Civ. Serv. Commn.,* 37 NY2d 526; *Matter of Del Prete v City of Yonkers,* 169 AD2d 724; *Matter of Schmitt v Kiley,* 124 AD2d 661). So long as the promoting authority's determination has a rational basis, it will not be disturbed *(Matter of Del Prete v City of Yonkers, supra; Matter of Schmitt v Kiley, supra; Matter of Larkin v Sardino,* 79 AD2d 1096).

In the instant case, the petitioner contends that he was denied promotion to Security Officer III as a retaliatory measure for his inquiries to the Civil Service Employees Association unit president concerning the respondents' promotion practices. However there was evidence adduced on the record that the petitioner did not meet the required qualifications for the position. The appointing officer testified that the petitioner was found off post on numerous occasions, that he had made certain sexist remarks to fellow officers, did not abide by certain standards of professional conduct, and that he was belligerent and antagonistic towards the college personnel. Accordingly, the respondents had a rational basis for failure to promote the petitioner, which will not be disturbed on appeal. We furthermore note that the record reveals that the promotion procedure of the respondent college in relation to the eligibility list was in conformity with the provisions of the Civil Service Law.

The petitioner's contention that his right to due process of law was violated because the respondents did not provide him with notice of the conduct forming the basis of their refusal to promote him is similarly without merit. As the Court of Appeals recognized in *Matter of Cassidy v Municipal Civ. Serv. Commn.* (37 NY2d 526, 529, *supra)*, there is no mandated right to appointment or any other legally protectible interest, and the successful completion of an examination does not thereby confer a vested right to appointment.

We have examined the petitioner's remaining contentions and find them to be without merit. Brown, J. P., Kunzeman, Harwood and Rosenblatt, JJ., concur.