■ JUDITH L. THRASHER, Appellant, v GENESEE COUNTY CIVIL SERVICE COMMISSION et al., Respondents.—Judgment unanimously affirmed with costs. Memorandum: Supreme

Court properly dismissed the subject petition, which sought a judgment directing respondents to restore petitioner to her former position as Probation Officer or a judgment annulling the determination to terminate her employment as Child Care Social Worker. As a provisional employee, petitioner could be discharged from the position of Child Care Social Worker at any time without a statement of reasons or a hearing *(see, Matter of Preddice v Callanan,* 69 NY2d 812; *Ranus v Blum,* 96 AD2d 1144).* An employee discharged from a provisional position is not entitled to reinstatement or back pay *(Matter of Preddice v Callanan, supra; Matter of Ruggeri v Hall,* 101 AD2d 934). Further, once an employee has resigned voluntarily from a position in the classified civil service, there is no right to be reinstated to that position *(Matter of Doering v Hinrichs,* 289 NY 29, 33; *Matter of McGill v D'Ambrose,* 58 AD2d 604). Absent some statute or regulation to the contrary, an employee seeking reinstatement to the position from which she has resigned is deemed to be seeking an initial appointment, and the appointing authority has complete discretion whether to reinstate (or employ) the applicant *(Matter of Turel v Delaney,* 287 NY 15; *Matter of McGill v D'Ambrose, supra).* Petitioner was neither transferred nor promoted within the meaning of statutory law or regulations *(see,* Civil Service Law §§ 61, 63; 4 NYCRR 4.5 [d]; *Matter of Engoren v County of Nassau,* 163 AD2d 520, *lv denied* 77 NY2d 805), and, thus, was not entitled to be restored to her former position as Probation Officer. Finally, to the extent that petitioner now seeks to challenge whether her initial resignation was voluntary, that challenge, raised more than four months after the effective date of the resignation, is time-barred *(see,* CPLR 217). (Appeal from Judgment of Supreme Court, Genesee County, Wolf, Jr., J.—Article 78.) Present—Dillon, P. J., Doerr, Balio, Lawton and Davis, JJ.