■ In the Matter of HENRY GALLO, Appellant, v DAVID RITTER, Respondent. [600 NYS2d 131] —In a proceeding pursuant to CPLR article 78 to review a determination of the respondent, dated January 17, 1990, which denied the petitioner a promotion to Senior Court Officer-Sergeant, the petitioner appeals from a judgment of the Supreme Court, Westchester County (Kutner, J.), dated March 27, 1991, which dismissed the petition.

Ordered that the judgment is affirmed, with costs.

The petitioner was ranked first on the Ninth Judicial District list of persons eligible for promotion to Senior Court Officer-Sergeant as a result of a competitive examination. In this proceeding he contends that he was well qualified and that he was denied a promotion solely because of personal animosity on the part of those of his superiors who were charged with interviewing candidates and making promotion recommendations.

Upon a review of the record we agree with the Supreme Court that the petition lacks merit. The respondent had the authority to consider factors other than the examination in deciding whether or not to promote the petitioner *(see, Matter of Cassidy v Municipal Civ. Serv. Commn.,* 37 NY2d 526). An administrative determination will not be disturbed if a ra-

tional basis exists for the action taken *(see, Matter of Pell v Board of Educ.,* 34 NY2d 222, 230-231; *Matter of Schmitt v Kiley,* 124 AD2d 661, 662).

We find that such a rational basis exists. The respondent submitted the affidavits of the three members of the panel which interviewed candidates from the eligible list, as well as one from the respondent's Executive Assistant. Much of what was contained in those affidavits was based on personal knowledge. Several incidents were described indicating, among other things, that the petitioner had not responded well to supervision and to previous career disappointments. The affiants agreed that these incidents demonstrated that the petitioner lacked the personal characteristics necessary to function successfully as a sergeant. This formed a sufficient, rational basis for the denial of promotion *(see, Matter of Pell v Board of Educ., supra; Schmitt v Kiley, supra).* Further, the Supreme Court did not have to direct a hearing regarding the petitioner's claim of bad faith on the part of the appointing authority. No proof was offered beyond the petitioner's assertions that his superiors were wrong about both his abilities and the particular occurrences cited in their affidavits. This does not constitute a showing of improper motivation sufficient to create a material issue of fact *(see, Matter of Johnson v Katz,* 68 NY2d 649; *Matter of York v McGuire,* 99 AD2d 1023, *affd* 63 NY2d 760).

The petitioner's remaining contention is academic *(see, Matter of Morosco & Cunard v Ritter,* 163 AD2d 390). Rosenblatt, J. P., Copertino, Pizzuto and Joy, JJ., concur.