■ In the Matter of the Arbitration between PROFESSIONAL, CLERICAL, TECHNICAL EMPLOYEES ASSOCIATION, Respondent, and BUFFALO BOARD OF EDUCATION, Appellant. [645 NYS2d 216] —Order reversed on the law without costs, petition denied, cross motion granted and award vacated. Memorandum: Supreme Court erred in denying respondent's cross motion to vacate the arbitration award. The arbitrator sustained petitioner's grievance and determined that respondent violated the collective bargaining agreement by failing to appoint the highest scoring unit member on the promotional list to the po-

sition of senior typist. In sustaining the grievance, the arbitrator found that, although not specified in the agreement, the parties' past practice was to promote the highest scoring unit member on the eligible list.

The one-in-three rule contained in Civil Service Law § 61 is intended to insure that only qualified personnel are appointed, while still granting the appointing authority some discretion in choosing among qualified candidates (*see, Matter of Cassidy v Municipal Civ. Serv. Commn.*, 37 NY2d 526; *Matter of Dramis v Nassau County Community Coll.*, 173 AD2d 705; *People ex rel. Qua v Gaffney*, 142 App Div 122, *affd* 201 NY 535). That statute does not prohibit an appointing authority from agreeing to the method it will use in selecting among qualified candidates (*see generally, Matter of Port Washington Union Free School Dist. v Port Washington Teachers Assn.*, 45 NY2d 746). An agreement to limit the discretion granted by statute to an appointing authority, however, must be expressed and not implied or imposed by reason of past practice (*see, Andriola v Ortiz*, 82 NY2d 320, 324, *cert denied sub nom. Andriola v Antinoro*, 511 US 1031). The arbitration award must therefore be vacated.

All concur except Denman, P. J., and Balio, J., who concur in result (*see, Matter of Professional, Clerical, Tech. Empls. Assn. [Buffalo Bd. of Educ.]*, 227 AD2d 940). (Appeal from Order of Supreme Court, Erie County, Joslin, J.—Arbitration.) Present—Denman, P. J., Lawton, Wesley, Doerr and Balio, JJ.