■ In the Matter of DAVID S. IGNERI, Respondent, v TOWN OF BROOKHAVEN et al., Appellants. [648 NYS2d 473] —In a proceeding pursuant to CPLR article 78, inter alia, to compel

the Town of Brookhaven to restore and reinstate the petitioner to his position of Chief Lifeguard with back pay and benefits from the date of termination, the appeal is from an order and judgment (one paper) of the Supreme Court, Suffolk County (Doyle, J.), dated October 16, 1995, which, *inter alia,* granted the petition, and dismissed the affirmative defenses to the petition.

Ordered that the order and judgment is modified by (1) deleting the first, third, fourth, fifth, sixth, seventh, and eighth decretal paragraphs thereof and substituting therefor a decretal paragraph denying the petition and dismissing the proceeding for failure to state a cause of action, with leave to replead causes of action for, *inter alia,* reinstatement and back pay based on wrongful termination based on age, and retaliatory discharge, and (2) deleting from the second decretal paragraph the provision thereof which dismissed the second affirmative defense; as so modified, the order and judgment is affirmed, with costs to the appellants; and it is further,

Ordered that the appellant's time to replead by serving and filing an amended pleading is extended until 60 days after service upon him of a copy of this decision and order with notice of entry.

The petitioner was employed by the Town of Brookhaven (hereinafter the Town) as a lifeguard every summer for 34 years. In July 1994, after the summer season had begun, the petitioner was summarily terminated from his position as Chief Lifeguard without notice of the charges against him and without the benefit of a hearing. He commenced this CPLR article 78 proceeding seeking a hearing pursuant to Civil Service Law § 75 (1) (c), which provides that an employee holding a position in a noncompetitive class who since his last entry into service has completed at least five years of continuous service in the noncompetitive class is entitled to notice of charges against him and a hearing.

The evidence indicates that the petitioner filed a new summer employment application and new tax forms each year, was required to elect whether to participate in the retirement system each year, and that each year the Town sent him a letter of appointment which specified that the petitioner was employed for that season only. Contrary to the conclusion of the Supreme Court, we conclude that the petitioner's employment was not continuous for five years, and that the petitioner was not entitled to the protection of Civil Service Law § 75 (1) (c) *(see, e.g., Matter of Preddice v Callanan,* 69 NY2d 812; *see also, Thrasher v Genesee County Civ. Serv. Commn.,* 174 AD2d

1022; *Moscowitz v Brown,* 850 F Supp 1185, 1196; *Matter of Talamo v Murphy,* 38 NY2d 637; *Matter of Parotta v Phillips,* 160 AD2d 877).

In the order and judgment appealed from the Supreme Court denied the petitioner's application to amend the petition to add causes of action, *inter alia,* for reinstatement and back pay under Civil Service Law § 75-b and Executive Law § 296, "without prejudice to renewal or alternative remedial relief". In light of our determination to deny the petition and dismiss the proceeding we have given the petitioner leave to replead causes of action based on the above statutes *(see,* CPLR 205 [a]).

In light of our determination we need not address the appellants' remaining contention. Bracken, J. P., Copertino, Altman and Hart, JJ., concur.