■ In the Matter of ROBERT WAGNER, Respondent, v NEW YORK CITY TRANSIT AUTHORITY, Appellant. [698 NYS2d 46] —In a proceeding pursuant to CPLR article 78 to review a determination of the New York City Transit Authority which denied the petitioner a promotion to the position of dispatcher, the New York City Transit Authority appeals, by permission, from so much of an order of the Supreme Court, Kings County (Clemente, J.), dated December 14, 1998, as granted the petition to the extent of remitting the matter to the New York City Transit Authority for a new determination after the petitioner is afforded an opportunity to be heard.

Ordered that the order is reversed, on the law, with costs, the determination is confirmed, and the proceeding is dismissed on the merits.

The petitioner commenced this proceeding to challenge the determination of the respondent New York City Transit Authority (hereinafter the NYCTA) denying him a promotion to the position of dispatcher. In response to the petition, the NYCTA came forward with documentary evidence which established that the petitioner was not promoted based on his record of chronic absenteeism. Although the petitioner submitted no evidence to rebut or controvert the proof presented by the NYCTA, the Supreme Court remitted the matter to the NYCTA for a hearing and a new determination. We reverse and dismiss the proceeding.

It is well settled that Civil Service Law § 61 provides government agencies with discretionary appointive power, and a candidate for appointment or promotion does not acquire any protected property interest merely by reason of his placement on an eligible list (*see, Matter of Andriola v Ortiz,* 82 NY2d 320, *cert denied sub nom. Andriola v Antinoro,* 511 US 1031; *Matter of Deas v Levitt,* 73 NY2d 525, *cert denied* 493 US 933; *Matter of Cassidy v Municipal Civ. Serv. Commn.,* 37 NY2d 526; *Matter of Archer v Riccio,* 201 AD2d 395). The denial by an appointing authority of a promotion to a particular individual will not be disturbed as long as the determination is supported by a rational basis (*see, Matter of Gallo v Ritter,* 195 AD2d 461; *Matter of Dramis v Nassau County Community Coll.,* 173 AD2d 705; *Matter of Del Prete v City of Yonkers,* 169 AD2d 724). Here, the uncontroverted evidence submitted by the NYCTA amply demonstrated a rational basis for the determination not to promote the petitioner, i.e., his excessive and chronic absenteeism (*see, Matter of Ruskin v Ward,* 167 AD2d 161; *Matter of Schmitt v Kiley,* 124 AD2d 661). Since the petitioner merely alleged in conclusory fashion that the deter-

mination was arbitrary and improper, there was no basis for a hearing and the proceeding should have been dismissed (*see, Matter of Gallo v Ritter, supra; Matter of Schmitt v Kiley, supra*).

Furthermore, the petitioner was not entitled to a hearing based on the purported failure of the NYCTA to provide him with written notice of his nonselection pursuant to Civil Service Law § 61 (3). Review of the relevant legislative history unequivocally demonstrates that the purpose of the notification requirement is to provide candidates with information regarding their status in the civil service system so that they may make intelligent career choices. Neither the notification provision itself nor the failure of an agency to comply with it gives an unsuccessful candidate a basis for challenging the determination of the appointing authority. S. Miller, J. P., Sullivan, Krausman and H. Miller, JJ., concur.