■ In the Matter of GEORGE WAMSLEY, Appellant, v EAST RAMAPO CENTRAL SCHOOL DISTRICT BOARD OF EDUCATION, Respondent. [723 NYS2d 53] —In a proceeding pursuant to CPLR

article 78 to review a determination of the respondent East Ramapo Central School District Board of Education terminating the petitioner's employment, the petitioner appeals from a judgment of the Supreme Court, Rockland County (Sherwood, J.), dated March 28, 2000, which dismissed the proceeding.

Ordered that the judgment is reversed, on the law, without costs or disbursements, and the matter is remitted to the Supreme Court, Rockland County, for further proceedings in accordance herewith.

· The petitioner began employment as a bus driver for the respondent East Ramapo Central School District Board of Education (hereinafter the School District) on October 5, 1998. His position was classified as noncompetitive and he was required to serve a 26-week probationary term, which could be extended by his days of absence (see, Rockland County Civ Serv Commn Rules, rule XVI [1] [a]; [5]). In accordance with Rockland County Civil Service Commission Rules, rule XVI (1) (d), his appointment would become permanent upon the completion of his probationary term. By letter dated August 18, 1999, the School District's Personnel Administrator notified the petitioner that his employment record during his probationary period had been deemed unsatisfactory by his supervisors. Therefore, the Personnel Administrator recommended the termination of his employment "during probation." The petitioner's employment was terminated by the School District effective August 25, 1999.

The petitioner subsequently commenced this CPLR article 78 proceeding challenging the School District's determination. He alleged that his probationary term had expired before he was discharged and his appointment had therefore become permanent. He further alleged that he was an exempt volunteer firefighter within the meaning of Civil Service Law § 75 (1) (b). Thus, as a permanent employee who was also an exempt volunteer firefighter, he claimed entitlement to the pretermination rights afforded by Civil Service Law § 75 (see, Civil Service Law § 75 [1] [b]; *Matter of Brown v Stephan,* 245 App Div 588). Notably, if he were not an exempt volunteer firefighter, he would not be entitled to any rights under Civil Service Law § 75 because he had not completed at least five years of continuous service in his noncompetitive class position (see, Civil Service Law § 75 [1] [c]; *Matter of Igneri v Town of Brookhaven,* 232 AD2d 638). The Supreme Court dismissed the proceeding.

Contrary to the School District's contention, the petitioner's probationary term expired before he was discharged. His probationary term began on October 5, 1998, and ended 26

weeks later (*see, Matter of DeMeo v Board of Educ.,* 162 AD2d 530), as permissibly extended by his days of absence (*see,* Rockland County Civ Serv Commn Rules, rule XVI [5]). Since the petitioner was absent, at most, 5½ days during the 26-week period, his probationary term expired long before his employment was terminated.

Although the petitioner's appointment became permanent, he did not establish that he was an exempt volunteer firefighter. However, a triable issue of fact was raised with respect to his status and, therefore, the Supreme Court should not have dismissed the proceeding without conducting a hearing (*see,* CPLR 7804 [h]). Consequently, we remit the matter for resolution of that factual issue. Altman, J. P., Krausman, H. Miller and Feuerstein, JJ., concur.