■ In the Matter of Terence R. Cameron, Respondent, v Marvin Church, as Commissioner of Transportation of the County of Westchester, et al., Appellants. [728 NYS2d 702] —In a proceeding pursuant to CPLR article 78, *inter alia*, to review a determination of Marvin Church, Commissioner of Transportation of the County of Westchester, dated December 28, 1998, appointing Florence Petronio as a provisional "Program Specialist," and to compel the petitioner's appointment to that position, the appeal, as limited by the appellants' brief, is from so much of a judgment of the Supreme Court, Westchester County (Nastasi, J.), entered February 29, 2000, as granted the petition and directed, *inter alia*, that the petitioner be appointed to the position.

Ordered that the judgment is modified by deleting the provision thereof granting the petition and directing that the petitioner be appointed as provisional Program Specialist and substituting therefor provisions granting the petition only to the extent of declaring that the determination dated December 28, 1998, was arbitrary and capricious, and remitting the mat-

ter to the County of Westchester for a new determination on the petitioner's application in accordance herewith; as so modified, the judgment is affirmed insofar as appealed from, without costs or disbursements.

The Supreme Court properly determined that the County of Westchester (hereinafter the County) acted arbitrarily and capriciously with respect to the petitioner's promotion request (*see, Matter of Pell v Board of Educ.,* 34 NY2d 222, 231-232). The County failed to adduce any evidence to controvert the petitioner's evidence that he was denied the subject position because of the personal animosity of the appellant Marvin Church towards the petitioner's cousin. However, the Supreme Court erred in directing that the petitioner be appointed to the position (*see, Matter of Berger v Walsh,* 291 NY 220, 222-223; *Ruggeri v Hall,* 101 AD2d 934; *cf.,* Civil Service Law § 65). Here, the petitioner is entitled only to consideration of his application on the merits, without improper factors.

The order granting the petitioner's motion to depose several County employees is not brought up for review on appeal from the final judgment (*see,* CPLR 5501 [a] [1]; *Dulber v Dulber,* 37 AD2d 566, *affd* 29 NY2d 408), and we have not considered the arguments concerning that issue. Ritter, J. P., S. Miller, McGinity and Townes, JJ., concur.