■ In the Matter of LORRAINE W. KOPF, Appellant, v KEVIN A. NULTY et al., Respondents. [761 NYS2d 517] —In a proceeding pursuant to CPLR article 78 to review a determination of the Town Board of the Town of Orangetown, dated January 16, 2001, promoting a candidate other than the petitioner to the position of police lieutenant, and to compel the respondents to appoint the petitioner to the position, the petitioner appeals from a judgment of the Supreme Court, Rockland County (Nelson, J.), dated May 29, 2002, which denied the petition and dismissed the proceeding.

Ordered that the judgment is reversed, on the law, with costs, the petition is reinstated, and the matter is remitted to the Supreme Court, Rockland County, for a hearing in accordance herewith.

The petitioner alleges that the determination of the Town Board of the Town of Orangetown to appoint someone other than herself to the position of police lieutenant was illegal, arbitrary, and capricious (*see Matter of Pell v Board of Educ.,* 34 NY2d 222 [1974]) as it was, inter alia, the indirect result of gender discrimination. It is undisputed that the male officer who was appointed to the position scored three points higher than the petitioner on the promotion exam but had only two years of experience as a sergeant while the petitioner had 10 years of experience. In addition, the appointed officer had no experience as the officer in charge in comparison with the petitioner's substantial experience.

The petitioner was entitled to a hearing to attempt to prove her allegations, and, if she establishes them, to have the respondents reconsider the petitioner for promotional appoint-

ment (*see Matter of Frank v Tishelman,* 72 AD2d 604 [1979]; *Donofrio v Hastings,* 60 AD2d 989 [1978]; *see also Doolittle v Lettiere,* 202 AD2d 991 [1994]; *cf. Matter of Wagner v New York City Tr. Auth.,* 266 AD2d 304 [1999]; *Matter of Gallo v Ritter,* 195 AD2d 461 [1993]).

The respondents' remaining contentions are without merit. Ritter, J.P., Friedmann, H. Miller and Townes, JJ., concur.