■ In the Matter of TERENCE R. CAMERON, Appellant, v MARVIN CHURCH et al., Respondents, et al., Respondent. [765 NYS2d 69] —In a proceeding pursuant to CPLR article 78, inter alia, to review a determination of Marvin Church, Commissioner of Transportation of the County of Westchester, dated December 28, 1998, appointing Florence Petronio as a provisional "Program Specialist," and to compel the petitioner's appointment to that position, the petitioner appeals, as limited by his brief, from so much of an order of the Supreme Court,

Westchester County (Nastasi, J.), entered March 6, 2002, as, in effect, upon renewal, denied that branch of his motion which was for an award of back pay, benefits, and an attorney's fee.

Ordered that the order is modified, on the law, by deleting the provision thereof which, in effect, upon renewal, denied that branch of the motion which was for an award of back pay and benefits and substituting therefor a provision granting that branch of the motion to the extent of remitting the matter to the County of Westchester for reconsideration of the petitioner's underlying application in accordance herewith; as so modified, the order is affirmed insofar as appealed from, with costs to the petitioner.

The petitioner sought, inter alia, appointment, with back pay, to the position of "Program Specialist," which was awarded in December 1998 to another individual. Except for the request for an attorney's fee, the petition was granted by judgment of the Supreme Court, Westchester County, entered February 29, 2000. On appeal, this Court modified the judgment and granted the petition to the extent of declaring that the determination of Marvin Church, the Commissioner of Transportation of the County of Westchester, was arbitrary and capricious and directing that the County of Westchester reconsider the petitioner's application for the position on the merits, without improper factors (*see Matter of Cameron v Church*, 286 AD2d 328 [2001]).

The petitioner thereafter was notified by the County that the Program Specialist position had been eliminated by the Westchester County Board of Legislators in December 2000. The County also advised the petitioner that, as such, it had determined that it would not appoint him to the now-abolished position. The petitioner moved for leave to renew those branches of the motion which were for an award of back pay, benefits, and an attorney's fee. Upon, in effect, granting leave to renew, the Supreme Court denied the relief requested. We modify.

The County and Church readily admit that they were aware, during oral argument of the prior appeal, of the elimination of the Program Specialist position. They contend that they did not advise this Court of that fact on the ground that it was immaterial to the determination of whether Petronio was properly appointed to the position, or as to whether the petitioner was entitled to an award of back pay and benefits if he were retroactively appointed to the position. However, their own documentary evidence submitted in opposition to the petitioner's motion for leave to renew belies this assertion. The County

clearly did not reconsider the petitioner for the position of Program Specialist on the merits as this Court previously directed. The County's documentary evidence establishes that it determined, even before it reconsidered the petitioner's application, that any such reconsideration would result in a decision not to appoint him to the position "because the position no longer exists."

The Program Specialist position existed from December 28, 1998, until it was abolished on December 15, 2000. The petitioner no longer seeks to be appointed to the position. He seeks, instead, inter alia, an award of back pay and benefits from the time the position was created until the date it was abolished. This requested relief has not been rendered academic by the abolition of the Program Specialist position. Accordingly, the matter is once again remitted to the County with a directive that it reconsider the petitioner's application on the merits, without improper factors, and render a correct determination, based on all the information it properly had before it, as to whether the petitioner would have been awarded the position for the period of time it existed.

The petitioner's remaining contentions are without merit. Florio, J.P., Crane, Cozier and Rivera, JJ., concur.