In the Matter of COUNTY OF SUFFOLK, Individually and on Behalf of the RATE PAYERS OF THE COUNTY OF SUFFOLK, Appellant, v LONG ISLAND POWER AUTHORITY et al., Respondents. [989 NYS2d 888]—

In a proceeding pursuant to CPLR article 78 to review a determination of Michael D. Hervey, Chief Operating Officer of the Long Island Power Authority, dated July 11, 2011, which, without a hearing, confirmed the determination of Lynda Nicolino, the Records Access Officer of the Long Island Power Authority, dated May 11, 2011, which denied the petitioner's request for disclosure of certain public records pursuant to the Freedom of Information Law (Public Officers Law § 84 *et seq.*), the petitioner appeals from a judgment of the Supreme Court, Suffolk County (Emerson, J.), dated April 3, 2012, which, without a hearing, denied the amended petition and dismissed the proceeding.

Ordered that the judgment is reversed, on the law, with costs, the amended petition is reinstated, and the matter is remitted to the Supreme Court, Suffolk County, for further proceedings consistent herewith.

The petitioner submitted to the Long Island Power Authority (hereinafter LIPA) a request for disclosure of certain public records pursuant to the Freedom of Information Law (Public Officers Law § 84 *et seq.* [hereinafter FOIL]). LIPA responded that, to the extent that any relevant records existed, they could not be accessed with reasonable effort, as LIPA no longer had the technology to retrieve them. The petitioner then commenced this CPLR article 78 proceeding. In opposition to the petition, LIPA submitted the affidavit of Meena Malhotra, LIPA's Director of Information Technology, wherein Malhotra stated that the requested documents were stored on back-up tapes that had been created using now-outdated technology. Malhotra further averred that restoration of the documents would entail a long and tedious process that could potentially close down LIPA's computer operations. In response, the petitioner submitted the affidavit of Peter Schlusser, the Director of the Information Technology Department for the Suffolk County Clerk's Office, wherein Schlusser stated that technology existed to retrieve the requested documents, and that outside service providers could be hired to perform the task if LIPA did not have the technical ability to do so. In the judgment appealed from, the Supreme Court, without a hearing, denied the amended petition and dismissed the proceeding.

The Legislature has declared that "government is the public's business and that the public, individually and collectively and represented by a free press, should have access to the records of government in accordance with the provisions of this article" (Public Officers Law § 84; *see Matter of Doolan v Board of Coop. Educ. Servs., 2d Supervisory Dist. of Suffolk County,* 48 NY2d

341, 347 [1979]). The term "record" is defined to mean "any information kept, held, filed, produced or reproduced by, with or for an agency . . . in any physical form whatsoever including . . . papers [and] computer tapes or discs" (Public Officers Law § 86 [4]). With limited exceptions, FOIL does not "require any entity to prepare any record not possessed or maintained by such entity" (Public Officers Law § 89 [3] [a]; *see Matter of Locator Servs. Group, Ltd., v Suffolk County Comptroller*, 40 AD3d 760, 761 [2007]). However, "[a]ny programming necessary to retrieve a record maintained in a computer storage system and to transfer that record to the medium requested by a person or to allow the transferred record to be read or printed shall not be deemed to be the preparation or creation of a new record" (Public Officers Law § 89 [3] [a]). An agency may not deny a request because it was too voluminous or burdensome if the request could be satisfied by engaging an outside service (*see* Public Officers Law § 89 [3] [a]). Moreover, an agency may recover the costs of engaging an outside service from the person or entity making such a request (*see* Public Officers Law § 89 [3] [a]).

"[T]he burden of proof rests solely with the [agency] to justify the denial of access to the requested records" (*Matter of Data Tree, LLC v Romaine*, 9 NY3d 454, 463 [2007]; *see Matter of Markowitz v Serio*, 11 NY3d 43, 50-51 [2008]). This burden must be met "in more than just a plausible fashion" (*Matter of Data Tree, LLC v Romaine*, 9 NY3d at 462 [internal quotation marks omitted]; *see Matter of West Harlem Bus. Group v Empire State Dev. Corp.*, 13 NY3d 882, 885 [2009]; *Matter of Konigsberg v Coughlin*, 68 NY2d 245, 249 [1986]).

Here, the Supreme Court erred in denying the amended petition and dismissing the proceeding, as there are triable issues of fact as to whether the petitioner requested data or records that could be retrieved or extracted with reasonable effort, whether the requests required the creation of new records, and whether the cost of the retrieval could be passed on to the petitioner (*see* CPLR 7804 [h]; *Matter of Data Tree, LLC v Romaine*, 9 NY3d at 466; *Matter of Weslowski v Vanderhoef*, 98 AD3d 1123, 1131-1132 [2012]; *Matter of New York Comm. for Occupational Safety & Health v Bloomberg*, 72 AD3d 153, 162 [2010]; *see generally Matter of Willard v Meehan*, 35 AD3d 488, 491 [2006]; *Matter of Wamsley v East Ramapo Cent. School Dist. Bd. of Educ.*, 281 AD2d 633, 635 [2001]). Accordingly, we reverse the judgment and remit the matter to the Supreme Court, Suffolk County, for a hearing forthwith (*see* CPLR 7804 [h]), at which LIPA will have the opportunity to satisfy its burden of proof with respect to these triable issues of fact (*see Matter of Weslowski v Vander-*

*hoef*, 98 AD3d at 1132). Rivera, J.P., Balkin, Leventhal and Roman, JJ., concur.