Matter of Jewish Press, Inc. v New York City Dept. of Corr. (2021 NY Slip Op 07544)





Matter of Jewish Press, Inc. v New York City Dept. of Corr.


2021 NY Slip Op 07544


Decided on December 29, 2021


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on December 29, 2021
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

CHERYL E. CHAMBERS, J.P.
BETSY BARROS
JOSEPH A. ZAYAS
LARA J. GENOVESI, JJ.


2021-02183
 (Index No. 524818/19)

[*1]In the Matter of Jewish Press, Inc., respondent,
v
New York City Department of Correction, appellant.


Georgia M. Pestana, Corporation Counsel, New York, NY (Devin Slack, Jeremy W. Shweder, and Susan Paulson of counsel), for appellant.
Mordechai Buls, Brooklyn, NY (Aron Law, PLLC [Joseph Aron], of counsel), for respondent.



DECISION & ORDER
In a proceeding pursuant to CPLR article 78, inter alia, to compel the production of certain records pursuant to the Freedom of Information Law (Public Officers Law art 6), the New York City Department of Correction appeals from a judgment of the Supreme Court, Kings County (Mark Partnow, J.), dated February 16, 2021. The judgment, insofar as appealed from, granted that branch of the petition which was to compel the production of certain records.
ORDERED that the judgment is reversed insofar as appealed from, on the law, with costs, the petition is denied in its entirety, and the proceeding is dismissed.
In January 2019, the petitioner, Jewish Press, Inc. (hereinafter the Press), sought the production of certain records pertaining to kosher meals provided to inmates from the respondent, the New York City Department of Correction (hereinafter the DOC), pursuant to the Freedom of Information Law (Public Officers Law art 6; hereinafter FOIL). Specifically, the Press sought "any records that show how many kosher meals—and by how many inmates—were requested in each of the last 10 years," "[h]ow many of those requests were granted and how many were denied," and "[f]or the ones that were denied . . . any records indicating the reason for the denial." After the Press appealed the constructive denial of its FOIL request, the DOC responded that it did not "track how many inmates request kosher meals," and provided the Press with a list of the approximate number of inmates who received kosher/halal meals on a daily basis for the years 2009 through 2019. The Press then commenced the instant proceeding pursuant to CPLR article 78, inter alia, to compel the production of the responsive records. In a judgment dated February 16, 2021, the Supreme Court granted that branch of the petition, and the DOC appeals. We reverse.
To promote open government and public accountability, FOIL imposes a broad duty on government agencies to make their records available to the public (see Public Officers Law § 84). "FOIL 'proceeds under the premise that the public is vested with an inherent right to know and that official secrecy is anathematic to our form of government'" (Matter of New York Times Co. v District Attorney of Kings County, 179 AD3d 115, 121, quoting Matter of Fink v Lefkowitz, 47 NY2d 567, 571).
The Supreme Court correctly cited Public Officers Law § 89(3)(a), which provides that "[a]n agency shall not deny a request on the basis that the request is voluminous or that locating or reviewing the requested records or providing the requested copies is burdensome because the agency lacks sufficient staffing or on any other basis if the agency may engage an outside professional service to provide copying, programming or other services required to provide the copy, the costs of which the agency may recover pursuant to paragraph (c) of subdivision one of section eighty-seven of this article." However, "[a]s a general rule, an agency responding to a FOIL request is not required to create any new record or data that is not already possessed and maintained by it as such" (Matter of Madden v Village of Tuxedo Park, 192 AD3d 802, 804; see Public Officers Law § 89[3][a]; Matter of Data Tree, LLC v Romaine, 9 NY3d 454, 464-465; Matter of County of Suffolk v Long Is. Power Auth., 119 AD3d 940, 942). "When an agency has the ability to retrieve or extract a record or data maintained in a computer storage system with reasonable effort, it shall be required to do so" (Public Officers Law § 89[3][a]).
The Press requested the following information: (1) how many inmates requested kosher meals in each of the last 10 years?; (2) how many of those requests were granted and how many were denied?; and (3) the reason for any denials. Here, the DOC established that it "does not track, record or report the amount of Kosher/Halal meals that are requested." The DOC further established that the number of requests granted or denied and the reasons for the denials are not maintained by the DOC and would call for the creation of new records, which exceeds the scope of the DOC's obligations in response to a FOIL request (see Public Officers Law § 89[3][a]; Matter of United Probation Officers Assn. v City of New York, 187 AD3d 456, 457).
The record demonstrates that where a request for kosher/halal meals is made at intake, participants in the program receive a wristband or an identification card which is kept on the inmate's person, and an "accompanying card" is maintained in the inmate's file. An inmate who later elects to participate in the program completes a hard-copy form which is placed in the inmate's file. A voluntary withdrawal or a removal from the program is memorialized in writing and the document is maintained in the inmate's file.
Contrary to the Press's contention, the information maintained in the inmates' files is not necessarily responsive to the Press's request. While it is clear that inmates whose requests for kosher/halal meals were granted would result in either a wristband or an identification card and hard-copy accompanying card in the inmate's file, it appears from the record that there is no documentation placed in the inmate's file when requests are made but denied, or that indicate the reason for the denial. As such, we need not reach the issue of whether the DOC's compiling of these hard-copy records is unduly burdensome.
Accordingly, the Supreme Court should have denied the petition in its entirety and dismissed the proceeding.
CHAMBERS, J.P., BARROS, ZAYAS and GENOVESI, JJ., concur.
ENTER:
Maria T. Fasulo
Clerk of the Court