Matter of Lane v County of Suffolk (2025 NY Slip Op 01368)

Matter of Lane v County of Suffolk

2025 NY Slip Op 01368

Decided on March 12, 2025

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on March 12, 2025
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

CHERYL E. CHAMBERS, J.P.
VALERIE BRATHWAITE NELSON
DEBORAH A. DOWLING
LOURDES M. VENTURA, JJ.

2022-07316
 (Index No. 610328/21)

[*1]In the Matter of Charles Lane, appellant,
v
County of Suffolk, et al., respondents.

Cody H. Morris, Central Islip, NY (Victor John Yannacone, Jr., of counsel), for appellant.
Christopher J. Clayton, County Attorney, Hauppauge, NY (Lisa Azzato of counsel), for respondents.

DECISION & ORDER
In a proceeding pursuant to CPLR article 78 to compel disclosure of certain records pursuant to the Freedom of Information Law (Public Officers Law art 6) and for an award of attorneys' fees and litigation costs, the petitioner appeals from a judgment of the Supreme Court, Suffolk County (David T. Reilly, J.), dated August 16, 2022. The judgment, in effect, denied the petition and dismissed the proceeding.
ORDERED that the judgment is reversed, on the law, with costs, the petition is reinstated, and the matter is remitted to the Supreme Court, Suffolk County, for further proceedings in accordance herewith.
In or around February 2021, the petitioner, a reporter, submitted a request pursuant to the Freedom of Information Law (Public Officers Law art 6; hereinafter FOIL) to the Suffolk Department of Information Technology (hereinafter the IT department) for a "CSV export of the county's employee, phone directory, aka attribute directory (Active Directly)." The IT department's record access officer denied the request. The petitioner then filed an administrative appeal, in which he clarified that he was seeking the "[tele]phone directory" for employees of the County of Suffolk. The County's FOIL appeals officer affirmed the denial, inter alia, on the ground that the IT department did "not maintain" the requested record. The petitioner thereafter commenced this CPLR article 78 proceeding against the respondents to compel disclosure of the County's employee telephone directory and for an award of attorneys' fees and litigation costs. In a judgment dated August 16, 2022, the Supreme Court, in effect, denied the petition and dismissed the proceeding. The court concluded, among other things, that the respondents demonstrated that the IT department did not possess a county-wide telephone directory and that it was not under an obligation to create one. The petitioner appeals.
"In order to promote open government and public accountability, FOIL imposes a broader duty on government to make its records available to the public" (Matter of Tuckahoe Common Sch. Dist. v Town of Southampton, 179 AD3d 929, 930; see Matter of Lane v County of Nassau, 221 AD3d 1008, 1010). "FOIL proceeds under the premise that the public is vested with an inherent right to know and that official secrecy is anathematic to our form of government" (Matter [*2]of Jewish Press, Inc. v New York City Dept. of Corr., 200 AD3d 1038, 1039 [internal quotation marks omitted]). "All government records are thus presumptively open for public inspection and copying unless they fall within one of the enumerated exemptions of Public Officers Law § 87(2)" (Matter of Tuckahoe Common Sch. Dist. v Town of Southampton, 179 AD3d at 930 [internal quotation marks omitted]; see Matter of Lepper v Village of Babylon, 190 AD3d 738, 741). "[W]hen faced with a FOIL request, an agency must either disclose the record sought, deny the request and claim a specific exemption to disclosure, or certify that it does not possess the requested document and that it could not be located after a diligent search" (Matter of Felici v Nassau County Off. of Consumer Affairs, 217 AD3d 765, 766 [internal quotation marks omitted]). "[T]he burden of proof rests solely with the agency to justify the denial of access to the requested records, and this burden must be met in more than just a plausible fashion" (Matter of Goldstein v Incorporated Vil. of Mamaroneck, 221 AD3d 111, 117 [alterations, citation, and internal quotation marks omitted]).
"Public Officers Law § 89(3)(a), which provides that the agency 'shall certify that it does not have possession of such record or that such record cannot be found after diligent search,' is triggered 'when, in lieu of granting a FOIL request, the agency finds that it either does not possess the item requested or is unable to locate it after a diligent search'" (Matter of Felici v Nassau County Off. of Consumer Affairs, 217 AD3d at 766, quoting Matter of Abdur-Rashid v New York City Police Dept., 31 NY3d 217, 232 [internal quotation marks omitted]). Relatedly, "[a]s a general rule, an agency responding to a FOIL request is not required to create any new record or data that is not already possessed and maintained by it as such" (Matter of Madden v Village of Tuxedo Park, 192 AD3d 802, 804 [internal quotation marks omitted]). However, "even where an entity properly certifies that it was unable to locate requested documents after performing a diligent search, the person requesting the documents may nevertheless be entitled to a hearing on the issue where he or she can 'articulate a demonstrable factual basis to support [the] contention that the requested documents existed and were within the [entity's] control'" (Matter of Oddone v Suffolk County Police Dept., 96 AD3d 758, 761, quoting Matter of Gould v New York City Police Dept., 89 NY2d 267, 279).
Here, the Supreme Court improperly, in effect, denied the petition because the affidavit of the IT department's employee, which the respondents submitted in opposition to the petition, raised "questions of fact . . . as to whether at least some of the requested records can be located, identified, and produced" by the IT department (Matter of Goldstein v Incorporated Vil. of Mamaroneck, 221 AD3d at 123; see Matter of Data Tree, LLC v Romaine, 9 NY3d 454, 459, 466; Matter of County of Suffolk v Long Is. Power Auth., 119 AD3d 940, 942). Although the respondents asserted, in effect, that the IT department did not possess the requested county-wide telephone directory, the employee's affidavit raised questions of fact as to whether the IT department may possess telephone directories from individual agencies or departments of the County (see Matter of DeWolf v Wirenius, 229 AD3d 929, 932-933; Matter of Goldstein v Incorporated Vil. of Mamaroneck, 221 AD3d at 118; Matter of Oddone v Suffolk County Police Dept., 96 AD3d at 761).
Accordingly, we reinstate the petition and remit the matter to the Supreme Court, Suffolk County, for further proceedings to determine the extent to which the IT department may possess responsive records (see Matter of Goldstein v Incorporated Vil. of Mamaroneck, 221 AD3d at 127). "Since the petition remains undetermined, the petitioner's request for an award of attorney's fees and litigation costs is premature" (Matter of Jewish Press, Inc. v New York City Dept. of Educ., 183 AD3d 731, 733).
The petitioner's remaining contentions either are without merit or need not be reached in light of our determination.
CHAMBERS, J.P., BRATHWAITE NELSON, DOWLING and VENTURA, JJ., concur.
ENTER:
Darrell M. Joseph
Clerk of the Court